### 49312. COATS v. STORER BROADCASTING COMPANY.

STOLZ, Judge.

This is an action for actual and punitive damages for

an alleged television "defamacast" (a word coined in *American Broadcasting &c. v. Simpson,* 106 Ga. App. 230 (1) (126 SE2d 873)) telecast over the defendant's station, WAGA-TV. The alleged defamacast consisted of (1) edited portions of an unrehearsed, spontaneous interview with two anonymous men identified as United Automobile Workers Union strikers at a local General Motors plant, and (2) a taped editorial, telecast following the interview, criticizing UAW pressures on its local members who favored a vote on whether to end their strike locally against GM after the union had already previously ended its strike nationally.

The interview, as telecast, went as follows: "A. (L) You can't talk to anybody really who's not ready to go back to work. Q. (R) How about you? A. (R) I'd say everybody that's in the plant that's affiliated with it is ready to go back to work. Q. Well why don't you go back to work? A. (R) The union says we can't take a strike vote on it they won't give us the authority to voice our opinion and let us take a vote to go back to work they say they're gonna keep us out longer until they got something else they won't tell us what it is. Q. How do you feel about this? A. (R) I think it's crooked they's some dirty work going on we can't put our finger on who it is but we'd like to know who it is and see if we can't be at least give us the authority to take a strike vote and see whether the men want to take a strike vote or stay out or go back to work. I think the union should give us that opportunity. Q. Do you think there's some shananegans [sic] going on in the union? A. (L) Right you can't when the motion is made in the meeting to have a strike vote a secret ballot vote and second and third and then the chairman stand there and tell you that you're not there to vote there's bound to be something wrong someplace. Q. Both of you feel that if there was a strike vote taken everybody would vote to go back to work tomorrow do you? A. (L) Right. A. (R) Very definitely if they would give the opportunity to take a secret vote I'd say we'd be back to work the day after give them time to count. Q. Who keeps stopping you from uh taking these votes. Every time there's a motion who keeps killing it? A. (R) The shop (cough) the shop committeeman he say Q. Who is he? A. (R)? L. Coates [sic;

the present plaintiff] and he's when we uh made the nomination to [sic] have a vote Saturday night he said that we was not out there to vote. That he'd tell us what when we could vote."

The editorial, as telecast, was as follows: "It's hard to tell how many men really want to go back to work and end the strike at the Lakewood Plant of General Motors. But there are questions . . . Why don't the union and the company tell the workers exactly which demands and grievances are still unsettled? Why are they still quibbling about such things as fans and floor covering in the plant? Why don't union leaders spell out the issues for the workers, talk them over and then take a vote to find out whether the men want to work or strike? Why are some of those who want to work afraid to give their names to newsmen? Why are they afraid to appear on television and state their feelings? Why are they afraid to speak out around their own union hall? Maybe because one of them was knocked down when he was collecting names on a petition to overthrow the local leaders. And when one of them got up in last Saturday's meeting to ask for a vote, somebody said menacingly: 'I wanna get a good look at You.' And then there are the reports about calls threatening wives and children of those who dare to disagree. Maybe the majority of workers really do want to stay on strike. If so, that's their American right and privilege. But how can anyone ever know—unless there is Freedom. Freedom to disagree. Freedom to debate. Freedom to Vote."

The plaintiff appeals from the grant of the defendant's motion for summary judgment. *Held:*

The foregoing telecasts, films of which were viewed by this court during the oral argument of the appeal before this court, were, as a matter of law, not defamatory. Therefore, the trial judge did not err in granting the summary judgment in favor of the defendant.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

Argued May 7, 1974 — Decided June 18, 1974.

162

Joe Salem, for appellant.
Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,
James Patrick Cooney, for appellee.