STATE OF NORTH CAROLINA v. ROY ALEXANDER SPELLMAN, Nos. 78CRS1598, 1599, 1600 AND MARTHA BROOKS, Nos. 78CRS1601, 1601A, 1601B, 1601C, 1601D

No. 781SC1066

(Filed 3 April 1979)

**Assault and Battery § 14.1; Arrest and Bail § 6.2; Automobiles § 117.1— speeding to elude arrest—resisting arrest—assaulting officer—sufficiency of evidence**

> In a prosecution for resisting arrest, speeding, speeding to elude arrest and assault with a deadly weapon inflicting serious injury, evidence was sufficient to be submitted to the jury where it tended to show that the male defendant left an officer on the highway while the officer was attempting to issue a citation for speeding; defendant drove at a high rate of speed to the female defendant's yard; once there he grabbed an officer's flashlight and struck him with it, causing injuries that required stitches; and the female defendant tried to intervene in the arrest of the male defendant by going into her house, getting a gun, coming out onto the porch, firing the weapon, and then pointing it at officers.

APPEAL by defendants from *Fountain, Judge.* Judgments entered 21 June 1978 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 27 February 1979.

Defendant Spellman was convicted in district court of resisting arrest, speeding 48 m.p.h. in a 35 m.p.h. zone, and speeding to elude arrest. From these convictions, he appealed for trial *de novo* to superior court. Additionally, he was indicted for assault with a deadly weapon inflicting serious injury. Defendant Brooks was indicted on five counts of assaulting an officer with a deadly weapon. Upon a joint trial of all charges in superior court, defendants were convicted.

From judgments entered, defendants appeal.

*Attorney General Edmisten, by Associate Attorney Lucien Capone III, for the State.*

*William J. Bentley, Sr. for defendant appellants.*

MARTIN (Harry C.), Judge.

Defendants raise two assignments of error on appeal. The first assignment challenges the denial of defendants' motions for judgment as of nonsuit at conclusion of all evidence. In the defendants' second assignment of error, they contend remarks of the trial judge were an expression of opinion on the evidence in contravention of N.C.G.S. 1-180. We find no merit in defendants' contentions.

To withstand a motion to dismiss, there must be substantial evidence of all material elements of the offense. *State v. Furr,* 292 N.C. 711, 235 S.E. 2d 193, *cert. denied,* 434 U.S. 924, 54 L.Ed. 2d 281 (1977); *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974). On a motion for nonsuit, all the evidence is to be considered in the light most favorable to the state and any inconsistencies resolved in its favor. *State v. Atwood,* 290 N.C. 266, 225 S.E. 2d 543 (1976). "Defendant's evidence rebutting the inference of guilt may be considered only insofar as it explains or clarifies evidence offered by the state or is not inconsistent with the state's evidence." *State v. Furr, supra* at 715, 235 S.E. 2d at 196. A question of variance between indictment and proof is a ground for nonsuit only if the variance is material. *State v. Furr, supra; State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741 (1967).

Applying these guidelines, the evidence is sufficient to allow the jury to find the following facts:

Officer Bray stopped defendant Spellman on the highway for speeding 48 m.p.h. in a 35 m.p.h. zone. Although officer Bray told him that he could bring his small child to the patrol car, Spellman did not do so. While Spellman sat in the patrol car and was advised that he had been speeding, he became belligerent, left the patrol car and said he was going to get his son. He got into his car and left the scene at a high speed. Officer Bray gave pursuit. Spellman drove in a reckless manner and at a high rate of speed into the driveway of defendant Brook's yard, where officer Bray got out of his car and informed Spellman that he was under arrest. Spellman grabbed officer Bray's flashlight and struck him with it, causing injuries that required stitches on his lip and head. As Spellman and officer Bray engaged in an affray, Lieutenant Cox, officers Brothers, Williams, Adams, and Freshwater arrived to assist officer Bray. Defendant Brooks tried to intervene in the arrest of Spellman by going into her house, getting a gun, coming onto the porch, firing the weapon, and then pointing it at the officers.

In order to convict defendant Spellman of the felonious assault charge, the State must offer evidence of an assault, with a deadly weapon, inflicting serious injury. *State v. Hill*, 287 N.C. 207, 214 S.E. 2d 67 (1975); *State v. Curie*, 19 N.C. App. 17, 198 S.E. 2d 28 (1973). There is evidence to clearly establish these elements.

To prove a speeding violation, there must be evidence to show defendant was operating a motor vehicle upon the highways of the state at a rate greater than the designated speed limit. N.C. Gen. Stat. 20-141. To prove speeding to elude arrest, the State must offer evidence tending to show defendant operated a motor vehicle on a street or highway in excess of 55 m.p.h. and at least 15 m.p.h. over the speed limit, while fleeing or attempting to elude arrest or apprehension by a law enforcement officer with authority to enforce motor vehicle laws. N.C. Gen. Stat. 20-141(j). The testimony of officer Bray established the elements of speeding, and speeding to elude arrest.

The evidence that defendant Spellman left the officer on the highway while he was attempting to issue a citation for speeding is sufficient to take the case to the twelve on the charge of resisting or delaying an officer in discharging a duty of his office. N.C. Gen. Stat. 14-223.

The State offered sufficient evidence on all charges against defendant Spellman to withstand a motion for nonsuit at the close of all the evidence.

In order to convict defendant Brooks of assault upon a law enforcement officer with a firearm or deadly weapon, the State must offer evidence of an assault, with a firearm, upon an officer while the officer is in the performance of his duties. N.C. Gen. Stat. 14-34.2. There was sufficient evidence offered by the State to establish all of these propositions. The denial of defendant Brooks' motion for nonsuit at the close of all evidence was proper.

In the defendants' remaining assignment of error, they contend various remarks of the trial judge in the course of the trial amounted to an expression of opinion on the evidence in contravention of N.C.G.S. 1-180. The statute forbids " 'the expression of any opinion or even an intimation by the judge, at any time during the course of the trial, which might be calculated to prejudice either party.' " *State v. Staley*, 292 N.C. 160, 161, 232 S.E. 2d 680, 682 (1977). To determine whether remarks were prejudicial, they must be considered in light of the circumstances when made, *State v. Byrd*, 10 N.C. App. 56, 177 S.E. 2d 738 (1970), and in the context of the entire record. *State v. Staley, supra.* Considering the remarks raised on appeal in light of the circumstances and context of the record, the trial judge in no way prejudiced the rights of defendants by expressing an opinion on the evidence or by speaking to defendants so as to belittle or humiliate them.

No error.

Judges VAUGHN and ERWIN concur.