STATE OF NORTH CAROLINA
v.
ANTHONY J. GRIER, Defendant.
No. COA08-84
Court of Appeals of North Carolina
Filed December 16, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Tracy C. Curtner, for the State.
Anthony Grier, defendant-appellant, pro se.
GEER, Judge.
Defendant Anthony J. Grier appeals from his conviction of exceeding the posted speed limit. On appeal, defendant argues that the trial court erred by denying his motion to dismiss for insufficient evidence. We hold that the trial court properly denied defendant's motion because there was sufficient evidence that defendant exceeded the posted speed limit and that the speed measuring device used was accurate and functioning properly.

Facts
On 13 April 2007, North Carolina Highway Patrolman Joe Sinnema cited defendant for driving 80 miles per hour in a 65 mile-per-hour zone. The case was heard in district court on 30 May 2007. The court entered a verdict of responsible to exceeding the posted speed limit and ordered defendant to pay a $15.00 fine. Defendant appealed for a trial de novo in superior court.
The State's evidence at trial tended to show that on 13 April 2007, Trooper Sinnema, a 12-year veteran of the Highway Patrol, was parked in the median of Interstate 85 in Granville County. As Trooper Sinnema faced south, he saw a car moving north at a high rate of speed. When Trooper Sinnema activated his dashboard-mounted radar, he measured the car's speed at 80 miles per hour. Trooper Sinnema testified that the posted speed limit in the area was 65 miles per hour. Trooper Sinnema stopped the car about one mile down the road and issued defendant, whom Trooper Sinnema identified in court as the car's driver, a citation.
Trooper Sinnema testified that he held a current certification to operate the radar, issued by the North Carolina Criminal Justice Education Training Standards Commission, and that he had calibrated his radar unit that day. Trooper Sinnema also testified that on 8 March 2007, one month before defendant's citation, the radar unit had passed its annual Record of Radar Instrument Calibration and Accuracy Tests.
Defendant, who represented himself, testified that he pulled into the left lane on Interstate 85 to allow a tailgating tractor trailer to pass him. Defendant testified that he was driving between 60 and 65 miles per hour at the time. Defendant pointed out that Trooper Sinnema had incorrectly recorded his age as 42 instead of 41 on the citation form and suggested that Trooper Sinnema had also inaccurately recorded the license plate number and make of the vehicle.
Defendant made motions to dismiss at the end of the State's evidence and again at the close of all evidence. Both motions were denied. The jury found defendant responsible to exceeding the posted speed limit, and defendant was fined $100.00. Defendant timely appealed to this Court.

Discussion
Defendant argues that the trial court erred when it denied his motion to dismiss because the State presented insufficient evidence both that he exceeded the posted speed limit and that Trooper Sinnema's radar equipment was properly maintained. We disagree.
A defendant's motion to dismiss should be denied if there is substantial evidence: (1) of each essential element of the offense charged and (2) of defendant's being the perpetrator of the offense. State v. Scott, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion. Id. at 597, 573 S.E.2d at 869. On review of a denial of a motion to dismiss, this Court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Id. at 596, 573 S.E.2d at 869. Unless favorable to the State, the defendant's evidence is not to be taken into consideration. Id. Contradictions and discrepancies in the evidence do not warrant dismissal, but rather are for the jury to resolve. Id. Defendant was convicted of violating N.C. Gen. Stat. § 20-141 (2007), which "prescribes speeds at which motor vehicles may be lawfully operated on the highways of the State." Short v. Chapman, 261 N.C. 674, 679, 136 S.E.2d 40, 45 (1964). "To prove a speeding violation, there must be evidence to show defendant was operating a motor vehicle upon the highways of the state at a rate greater than the designated speed limit." State v. Spellman, 40 N.C. App. 591, 593, 253 S.E.2d 320, 322, disc. review denied, 297 N.C. 616, 207 S.E.2d 657, cert. denied, 444 U.S. 935, 62 L. Ed. 2d 193, 100 S. Ct. 282 (1979).
Viewing the evidence in the light most favorable to the State, we hold that the evidence was sufficient to permit the jury to conclude that defendant operated his vehicle in excess of the posted speed limit. Trooper Sinnema identified defendant as the driver of the car and testified that he estimated defendant was driving 80 miles per hour on a highway where the posted speed limit was 65 miles per hour. Using radar, Trooper Sinnema measured defendant's speed as 80 miles per hour. Trooper Sinnema further testified that he was certified to use the radar, that the radar was properly calibrated that day, and that the radar had passed its annual inspection a month earlier. Defendant's arguments relate to the credibility and weight of the evidence and were questions "`for the jury to resolve.'" Scott, 356 N.C. at 596, 573 S.E.2d at 869 (quoting State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)). The trial court, therefore, correctly denied defendant's motion to dismiss. Defendant's three remaining assignments of error, which defendant has not raised in his brief, are deemed abandoned in accordance with N.C.R. App. P. 28(b)(6). See State v. Goss, 361 N.C. 610, 630, 651 S.E.2d 867, 879 (2007), cert. denied, ___ U.S. ___, ___ L. Ed. 2d ___, ___ S. Ct. ___, 2008 US LEXIS 6569, 2008 WL 1955882 (2008).
No error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).