STATE OF NORTH CAROLINA v. JAMES WILLIS SMITH

No. 7514SC618

(Filed 19 November 1975)

1. Criminal Law § 128— examination of witness as to "rabbit hunting" experience — no grounds for mistrial

   Where defendant's counsel conducted a lengthy cross-examination of a State's witness, the district attorney's question on redirect examination as to whether the witness had ever been "rabbit hunting" was not grounds for a mistrial.

2. Narcotics § 1; Criminal Law § 127— possession and possession with intent to sell heroin — one offense — judgment arrested

   A defendant's unlawful possession of heroin is, of necessity, an offense included within the charge that he did unlawfully possess

with intent to sell or deliver, where, as in this case, both are in fact one transaction; therefore, judgment is arrested in the case charging defendant with felonious possession of heroin.

APPEAL by defendant from *Canaday, Judge.* Judgments entered 19 February 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 12 November 1975.

By separate indictments, proper in form, defendant was charged with (1) felonious possession of heroin with intent to sell (Case No. 74CR4545) and (2) with felonious possession of heroin (Case No. 74CR4546). Both offenses allegedly occurred on 2 March 1974. Without objection, the two cases were consolidated for trial, and defendant pled not guilty to both charges.

The State's evidence showed that on 2 March 1974 Durham City police officers, after obtaining a search warrant authorizing a search of an apartment at 2805 Ashe Street in Durham and of defendant's person, went to the apartment where they found defendant. Upon searching defendant, one of the officers found in the right front pocket of a sweater, which defendant was then wearing, twenty-four aluminum foil packages and one larger foil packet. These were delivered by the officer who found them to Leslie Lytle, a chemist employed by the SBI Laboratory in Raleigh. Lytle testified that he performed chemical and other laboratory tests on the contents of the packets and found they contained heroin.

Defendant did not testify. He presented the testimony of Mable Davis Wright, who testified she was in the apartment when the search was made, that when the police arrived defendant was asleep on the sofa, and that the officers picked up the sweater, which was on the sofa next to defendant.

The jury found defendant guilty in both cases. In Case No. 74CR4545, in which defendant was charged with felonious possession of heroin with intent to sell, judgment was entered sentencing defendant to prison for not less than eight nor more than ten years. In Case No. 74CR4546, in which defendant was charged with felonious possession of heroin, judgment was entered sentencing defendant to prison for not less than three nor more than five years, this sentence to begin at the expiration of the sentence imposed in Case No. 74CR4545. Defendant appealed.

*Attorney General Edmisten by Associate Attorney Joan H. Byers for the State.*

*Clayton, Myrick, McCain & Oettinger by Jerry B. Clayton, Robert W. Myrick, Kenneth B. Oettinger, for defendant appellant.*

PARKER, Judge.

Thirty-four assignments of error are listed in the record on appeal. Only two questions are presented and discussed in appellant's brief. The questions raised by assignments of error which are not presented and discussed in appellant's brief are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals. (For cases in which notice of appeal is given on and after 1 July 1975, see Rule 28 of the North Carolina Rules of Appellate Procedure.)

[1] The first question presented and discussed in appellant's brief relates to denial of his motion for mistrial. Following a lengthy cross-examination of the State's witness, the SBI chemist Lytle, by counsel for defendant, the district attorney asked on redirect examination:

"Mr. Lytle, have you ever been rabbit hunting before, sir?" Defendant's counsel objected, whereupon the district attorney withdrew the question. Defendant's counsel then moved for a mistrial, contending that by asking the question, the district attorney was insinuating that defendant's counsel, in his cross-examination and in his representation of defendant, was "grasping at straws" and was attempting to focus the jury's attention on irrelevant and unimportant facts. The court denied the motion, and in this we find no error. Assuming the purport of the question was as appellant contends, the mere asking of the question was clearly insufficient grounds for a mistrial. Although more appropriately to be included in his argument to the jury, the contention that the defense was grasping at straws was not an improper one for the district attorney to make. "Moreover, the allowance or refusal of a motion for a mistrial in a criminal case less than capital rests largely in the discretion of the trial court." *State v. Foster,* 284 N.C. 259, 275, 200 S.E. 2d 782, 794 (1973). Clearly no abuse of discretion has been here shown.

[2] The second question presented and discussed in appellant's brief relates to the denial of his motion in arrest of judgment

in Case No. 74CR4546 in which he was charged with unlawful possession of heroin. Appellant's contention in this connection has merit. One may not possess a substance with intent to sell or deliver it without having possession of it. Thus, possession is an element of possession with intent to sell or deliver. A defendant's unlawful possession of heroin is, of necessity, an offense included within the charge that he did unlawfully possess with intent to sell or deliver, where, as here, both are in fact one transaction. *State v. Aiken,* 286 N.C. 202, 209 S.E. 2d 763 (1974).

The result is:

In Case No. 74CR4545, in which defendant was found guilty of felonious possession of heroin with intent to sell, we find

No error.

In Case No. 74CR4546, in which defendant was charged was felonious possession of heroin,

Judgment arrested.

Judges MORRIS and MARTIN concur.