State v. Shaw

STATE OF NORTH CAROLINA v. JIMI WADE SHAW

No. 754SC504

(Filed 17 December 1975)

1. Narcotics § 4.5— multiple offenses of possession for sale — instructions proper

    In a trial of defendant for felonious possession of LSD with the intent to sell and deliver, felonious sale and delivery of LSD, felonious possession of LSD, and felonious possession of marijuana, the trial court did not err in instructing the jury that their verdict in one case in no way depended on their verdict in any other case.

2. Narcotics § 4— possession and sale of LSD — possession of marijuana — sufficiency of evidence

    Evidence was sufficient to be submitted to the jury in a prosecution for possession of LSD with intent to sell, sale of LSD, and possession of marijuana where such evidence tended to show that defendant sold 10 microdots of LSD to an undercover narcotics agent and a search of defendant's trailer made under a warrant and in defendant's presence yielded LSD and marijuana in a jacket in a bedroom.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 20 March 1975. Heard in the Court of Appeals 26 September 1975.

Defendant was indicted for (1) the 30 January 1975 felonious possession of LSD with the intent to sell and deliver; (2) the 30 January 1975 felonious sale and delivery of LSD; (3) the 31 January 1975 felonious possession of LSD; and (4) the 31 January 1975 felonious possession of marijuana.

According to the State's evidence, Mr. Kenneth L. Jones, while working for the Onslow County Sheriff's Department in an "undercover" capacity, went to defendant's trailer home on 30 January 1975 with a man named "Howard." "Howard asked the defendant if he had any smoke, meaning marijuana. The defendant told him he didn't but he had some microdot." Defendant asked Jones if he wanted any of the microdot and when Jones replied "Yes" the defendant ". . . told his wife to go get four and she went back in the trailer towards the bedrooms" and brought back, after two trips and further negotiations, a total of "10 microdots" of LSD. The agent paid for the drugs and left the trailer. His purchases were turned over to a chemist for the SBI, and the defendant stipulated that there was no objection to the chain of custody and that if the chemist were present he would testify that the purchases were LSD.

The next day, agents from the sheriff's department, armed with a search warrant, went to defendant's residence and searched defendant's trailer with defendant present. The police testified at trial that in the back bedroom they found in the pockets of a jacket, lying on the bed, "9 hits" of LSD and a small amount of marijuana. Though unclear from the record, it appears that at least part of the LSD was found in a small film cannister. Again defendant stipulated that the chemist would testify that the materials found were LSD and marijuana.

Defendant denied selling or possessing the drugs and specifically denied ownership of the jacket. He claimed that the jacket possibly belonged to some friends who previously had visited the defendant. Defendant's wife essentially corroborated defendant's testimony.

From pleas of not guilty, the jury returned verdicts of guilty on all four counts. From judgments sentencing him to various terms of imprisonment on the four verdicts, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Edward G. Bailey for defendant appellant.*

MORRIS, Judge.

[1]    Defendant first contends that the trial court erred in its instruction to the jury that their verdict in one case in no way depended on their verdict in any other case. We disagree. In several recent decisions our Supreme Court has held that possession of controlled substances with the intent to distribute and the actual distribution of the controlled substances constitute separate and distinct offenses. *State v. Aiken,* 286 N.C. 202, 209 S.E. 2d 763 (1974) ; *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973) ; also see *State v. Rush,* 19 N.C. App. 109, 197 S.E. 2d 891 (1973).

As Justice Lake noted in *State v. Aiken, supra,* at 206:

". . . neither the offense of unauthorized possession nor the offense of unauthorized sale of a controlled substance is included within the other offense and one placed in jeopardy as to the one offense is not thereby placed in

jeopardy as to the other. Thus, one charged with both offenses may be convicted of both and sentenced to imprisonment for each."

Thus, the court's instruction properly reflects the present state of the law in North Carolina.

Defendant's brief also notes an alleged inconsistency between the aforesaid charge and a later aspect of the same charge. Notwithstanding defendant's failure to take proper exception, on the merits we cannot perceive any prejudice to defendant in this charge and find no inconsistency.

Defendant next contends that the trial court erred in charging the jury as to the elements of constructive possession. We find no merit in these contentions. A reading of the instructions contextually reveals that the court carefully distinguished the various elements of the charges against defendant, adequately defined the various elements and specifically covered the aspects of constructive possession.

[2] Finally, defendant contends that the court erred in overruling his motion for nonsuit. Again, we disagree. The evidence was plenary to submit the question of defendant's guilt or innocence to the jury and to support their verdicts.

No error.

Judges HEDRICK and ARNOLD concur.