STATE OF NORTH CAROLINA v. VIRGIL MAYO SANDERSON, SR., VIRGIL
MAYO SANDERSON, JR., HUBERT MAYO SANDERSON

No. 824SC171

(Filed 15 February 1983)

**1. Criminal Law § 92.1— consolidation of charges against multiple defendants**

The consolidation for trial of the same charges against defendant and his two codefendants did not deny defendant a fair trial because some of the evidence admitted against the codefendants may not have been admissible against defendant since defendant's counsel could have requested a limiting instruction for any such evidence.

**2. Narcotics § 3.1— observation of growing marijuana—competency of witness**

An officer was properly permitted to testify that he saw what appeared to him to be marijuana plants growing in a field.

**3. Narcotics § 3.1— weight of marijuana—competency of witness**

A witness was competent to state the weight of marijuana on two trucks where the witness had weighed the trucks when they were loaded with marijuana and when they were empty.

**4. Narcotics § 4— trafficking in marijuana—manufacturing marijuana—sufficiency of evidence**

The State's evidence was sufficient to support conviction of defendant for manufacturing marijuana and for trafficking by manufacturing 100 pounds or more of marijuana where it tended to show that there were five separate patches of marijuana growing in cornfields on land owned or leased by defendant; defendant cultivated such land; some of the marijuana was growing near his grandson's trailer where he visited three or four times a week; and the total weight of all the marijuana was approximately 2,320 pounds.

**5. Criminal Law § 26.5; Narcotics § 5— possessing and manufacturing marijuana—trafficking by possessing and manufacturing—double jeopardy**

Conviction of defendants under G.S. 90-95(a) for possessing and manufacturing marijuana and under G.S. 90-95(h)(1) for trafficking by possessing and manufacturing marijuana violated defendants' rights against double jeopardy, and the convictions under G.S. 90-95(a) must be vacated, since possessing or manufacturing under G.S. 90-95(a) does not require proof of any additional facts beyond those required under G.S. 90-95(h)(1).

**6. Narcotics § 1.3— trafficking in marijuana by possessing and manufacturing—two separate crimes**

Under the decision in State v. Anderson, 57 N.C. App. 602 (1982), defendants could properly be convicted of both trafficking in marijuana by possession and trafficking in marijuana by manufacturing, since G.S. 90-95(h)(1) does not provide for only one crime of trafficking in marijuana but creates separate crimes of trafficking by sale, trafficking by manufacture, trafficking by delivery, trafficking by transportation, and trafficking by possession.

APPEAL by defendants from *Llewellyn, Judge.* Judgments entered 9 October 1981 in Superior Court, ONSLOW County. Heard in the Court of Appeals 16 September 1982.

Defendants, Hubert Mayo Sanderson, Virgil Mayo Sanderson, Sr., and Virgil Mayo Sanderson, Jr., were each charged in separate bills of indictment with manufacturing marijuana, trafficking by manufacturing more than one hundred pounds of marijuana, conspiracy to traffic by manufacturing more than one hundred pounds of marijuana, possession with intent to sell and deliver marijuana, trafficking by possession of one hundred pounds or more of marijuana, and conspiracy to traffic by possessing one hundred pounds or more of marijuana.

The State's evidence tended to show the following. Defendants are related to each other; Virgil Mayo Sanderson, Jr. (Vic), age 22, is the son of Virgil Mayo Sanderson, Sr. (Virgil), age 45, who is the son of Hubert Mayo Sanderson. They live in a rural area of Duplin County. Virgil lives in a house belonging to his grandmother at Williams Crossroads, which is the intersection of state roads Nos. 1802 and 1804. Vic lives in a mobile home, owned by his mother, on state road No. 1804, approximately 600 yards west of Virgil's house. Vic's mobile home is on land owned by Hubert Sanderson. Hubert Sanderson lives in a house on Highway 41, two miles northwest of Williams Crossroads.

Sergeant Williams of the Beulaville Police Department testified that on 24 July 1981, as he flew in a small airplane over the farmland where Vic and Virgil live, he saw marijuana plants in several large clear places in the cornfields surrounding Vic's trailer. He radioed Detective Basden, who was on the ground, and told him that he saw the marijuana.

Sheriff King testified that he, an SBI agent, and a deputy sheriff arrived at the cornfield near Vic's trailer around seven o'clock. They discovered a thirty foot long clearing in front of the trailer with a path from the clearing to the trailer. Dried marijuana was spread out on three bed sheets in the clearing. The officers hid in the cornfield, and they saw Vic and Virgil ride up on mopeds. They arrested Vic, but Virgil ran away. Sheriff King found marijuana growing in a cornfield twenty-five feet behind Vic's trailer, and more marijuana drying in a ditch behind the trailer. Later, several other patches of marijuana were found near

the trailer, and a large patch was discovered in front of a neighbor's home. The plants were about six feet high. The total weight of all the marijuana was approximately 2,320 pounds.

The jury found Hubert Sanderson guilty of trafficking by manufacturing one hundred pounds or more of marijuana and manufacturing marijuana. He was sentenced to seven years imprisonment and a fine of $25,000.00 for trafficking, and two years for manufacturing marijuana. The sentences were to run concurrently.

The jury found both Virgil and Vic guilty on two counts of trafficking and two counts of conspiracy to traffic. The court sentenced each defendant to four consecutive seven-year terms, and fines totaling $100,000.00. They were also found guilty of manufacturing marijuana and possession with intent to sell and deliver. They were given a two-year sentence on each count to run concurrently with the trafficking sentences.

*Attorney General Edmisten, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*Bailey, Raynor and Erwin, by Edward G. Bailey and Glenn O'Keith Fisher, for defendant appellants.*

VAUGHN, Chief Judge.

Defendants present fifteen assignments of error in thirteen arguments. Their first two arguments are that the trial court erred in denying their pre-trial motions and renewed motions for severance of the cases for trial. Hubert Sanderson and Vic Sanderson filed motions for severance, but only Hubert Sanderson raises this argument on appeal. Vic's assignment of error is deemed abandoned. Rule 10(a), Rules of Appellate Procedure.

[1] The cases of all the appellants were properly joined pursuant to G.S. 15A-926(b)(2) which provides that "upon written motion of the prosecutor, charges against two or more defendants may be joined for trial: (a) When each of the defendants is charged with accountability for each offense. . . ." Since defendants were all charged with the same offense, they were properly joined. Thus, the disposition of defendant's motion for severance was a matter governed by the judge's discretion, and the ruling will not be disturbed on appeal unless defendant demonstrates an abuse of

judicial discretion depriving him of a fair trial. *State v. Lake*, 305 N.C. 143, 286 S.E. 2d 541 (1982).

Defendant, Hubert Sanderson, contends he was deprived of a fair trial because some of the evidence admitted against Vic and Virgil may not have been admissible against him, and in a separate trial the jury may have reached a different verdict. This argument is without merit. If there was evidence admissible against Vic or Virgil and not Hubert, defendants' counsel should have requested a limiting instruction. The transcript reveals no such request. Defendant has not shown any prejudice, but if any prejudice resulted, it was because defendant's counsel failed to request a limiting instruction, not because the cases were consolidated for trial. *See State v. Pierce*, 36 N.C. App. 770, 245 S.E. 2d 195 (1978).

[2] Defendants' next argument is that the trial court committed prejudicial error by overruling their objections to several questions which called for an impermissible opinion by the witness. The first question that defendants assign as error was asked by Mr. Hudson to Sergeant Williams. The question was, "What did it appear was growing other than corn?" Defendants objected: "Leading." The court overruled the objection and Sergeant Williams answered the question: "It appeared to me to be what I thought to be marijuana." The judge did not abuse his discretion in overruling the objection to leading and the witness was competent to testify as to what he saw growing in the fields. In general, a lay witness is competent to identify objects. These were growing plants with distinctive leaves and a characteristic color, not dried, cut up, vegetable matter. Any doubts the witness had would go to the weight of his testimony, not the admissibility. *See* 1 Brandis on North Carolina Evidence §§ 124, 129 (1982).

[3] The next questions and answers defendants contend were inadmissible were the following:

Mr. Hudson: Do you have an opinion as to the weight of the marijuana plants including the soil that was on the truck that day?

Mr. Johnson: Objection.

The Court: Overruled.

The witness (Deputy Sheriff Savage): It was approximately 500 pounds.

. . .

Mr. Hudson: And do you have an opinion as to the weight of the marijuana on [the second] truck, including stalks, roots, and the soil?

Mr. Johnson: Objection.

The witness (Deputy Sheriff Savage): Yes, sir.

The Court: Overruled.

The witness: Approximately 1800 pounds.

Since the witness had weighed the trucks when they were loaded with marijuana and when they were empty he was obviously qualified to state the weight of the marijuana based on his first-hand knowledge.

[4] Defendants' next argument is that the trial court committed prejudicial error by denying their motions to dismiss. This argument is brought forward only with respect to defendant Hubert Sanderson. A motion to dismiss requires consideration of the evidence in the light most favorable to the State, with any inconsistencies resolved in its favor. *State v. Spellman*, 40 N.C. App. 591, 253 S.E. 2d 320, *review denied*, 297 N.C. 616, 267 S.E. 2d 657, *cert. denied*, 444 U.S. 935, 100 S.Ct. 282, 62 L.Ed. 2d 193 (1979). If there is substantial evidence, whether direct, circumstantial, or both, to support a finding that the offense charged has been committed and defendants committed it, the motion to dismiss should be denied. *State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975).

It is undisputed that defendant Hubert Sanderson either owned or leased the land on which the marijuana was growing, and that he cultivated that land. Unquestionably, therefore, he was in possession of the growing marijuana to the same extent that he was in possession of the growing corn. Exclusive control is not required. *State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974). There were five separate patches of marijuana growing in his cornfields. Some of it was growing near his grandson's trailer where he visited three or four times a week. Obviously, the marijuana plants did not reach maturity overnight. When all the

evidence is considered in the light most favorable to the State, it permits a reasonable inference that Hubert Sanderson knew of the substantial quantity of growing marijuana on his land which he cultivated and frequented. His motion to dismiss was properly denied.

Defendants' next argument is that the trial judge's instruction to the jury constituted prejudicial error as to defendant Virgil M. Sanderson, Sr. The judge mistakenly used the name "Hubert Mayo Sanderson" instead of "Virgil Mayo Sanderson, Sr." three times in the manufacturing charge. At the trial, defendant made no attempt to correct this error. Our Supreme Court has said: "A mere slip of the tongue which is not called to the attention of the court at the time it is made will not constitute prejudicial error when it is apparent from a contextual reading of the charge that the jury could not have been misled thereby." *State v. Silhan*, 302 N.C. 223, 257, 275 S.E. 2d 450, 475 (1981). Since all three defendants were charged with the same offenses, and the same instructions were given on the manufacturing charge three times, there was no prejudicial error.

[5] Defendants also argue that the trial court committed prejudicial error by denying their motions to set aside the verdicts and for a new trial. Defendants contend they were placed in double jeopardy because they were subjected to multiple punishment for the same offense.

Defendants Virgil and Vic were found guilty of the following offenses: possession of marijuana with intent to sell; manufacturing marijuana; trafficking by possessing one hundred pounds of marijuana; trafficking by manufacturing one hundred pounds of marijuana; conspiracy to traffic by possession of marijuana; and conspiracy to traffic by manufacturing marijuana. Defendant Hubert Sanderson was found guilty of trafficking by manufacturing and manufacturing marijuana.

These offenses are contained in G.S. 90-95. The relevant sections are the following:

    (a) Except as authorized by this Article, it is unlawful for any person:

(1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance. . . .

(h) (1) Any person who sells, manufactures, delivers, transports, or possesses in excess of 50 pounds . . . of marijuana shall be guilty of a felony. . . .

Defendants argue, and the State agrees, that G.S. 90-95(a) is a lesser included offense of G.S. 90-95(h)(1), and a conviction for both the greater and lesser included offenses would place defendants in double jeopardy.

It is fundamental that the constitutional guaranty against double jeopardy protects a defendant from multiple punishments for the same offense. *State v. Partin*, 48 N.C. App. 274, 269 S.E. 2d 250, *review denied*, 301 N.C. 404, 273 S.E. 2d 449 (1980). The test to determine whether one act constitutes one or two offenses is set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932): "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

Manufacturing or possession under G.S. 90-95(a) does not require proof of any additional facts beyond those required under G.S. 90-95(h)(1), therefore convictions under both statutes violate defendants' protection against double jeopardy, and the convictions for the lesser included offenses should be vacated.

[6] After vacating the G.S. 90-95(a) convictions, only the G.S. 90-95(h)(1) and G.S. 90-95(i) convictions remain for Virgil and Vic: trafficking by manufacturing, trafficking by possession, conspiracy to traffic by manufacturing, and conspiracy to traffic by possession. Hubert Sanderson is left with only the trafficking by manufacturing conviction. Defendants Virgil and Vic argue that they can only be guilty of one offense of trafficking in marijuana and one offense of conspiracy to traffic because G.S. 90-95(h)(1) provides for one crime of trafficking in marijuana rather than separate crimes of trafficking by sale, trafficking by manufacture, trafficking by delivery, trafficking by transportation, and traffick-

ing by possession. To answer defendants' argument, we must briefly discuss our previous marijuana statutes.

Originally, the statute regulating marijuana was G.S. 90-88: "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this article." (1935, c. 477, s. 2.) In 1971, G.S. 90-94 was enacted (1971, c. 919, s. 1; 1973, c. 476, s. 128), classifying marijuana as a Schedule VI controlled substance. In 1973 G.S. 90-95(a) was amended to its present form. The present statute is much more specific than its predecessor, clearly enumerating which acts are considered unlawful, with different penalties for each grade of controlled substance. Transactions of small amounts of marijuana are treated most leniently: a transfer of less than 5 grams for no remuneration is not considered a delivery, G.S. 90-95(b)(2), and possession of less than an ounce is a misdemeanor, G.S. 90-95(d)(4). In entirety, subsection (a) provides:

> Except as authorized by this Article it is unlawful for any person:
>
> (1) To manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance;
>
> (2) To create, sell or deliver, or possess with intent to sell or deliver, a counterfeit controlled substance;
>
> (3) To possess a controlled substance.

This means that the enumerated offenses in G.S. 90-95(a)(1): manufacturing, sale, delivery, possession with intent to manufacture, sell or deliver are separate offenses. *See, e.g., State v. Salem,* 50 N.C. App. 419, 274 S.E. 2d 501, *review denied,* 302 N.C. 401, 279 S.E. 2d 355 (1981); *State v. Cuthrell,* 50 N.C. App. 195, 272 S.E. 2d 616 (1980); *State v. Lankford,* 31 N.C. App. 13, 228 S.E. 2d 641 (1976); *State v. Shaw,* 28 N.C. App. 207, 220 S.E. 2d 634 (1975). Possession, however, is a lesser included offense of possession with intent to sell. *State v. Cloninger,* 37 N.C. App. 22, 245 S.E. 2d 192 (1978); *State v. Smith,* 27 N.C. App. 568, 219 S.E. 2d 516 (1975); *State v. Reindell,* 24 N.C. App. 141, 210 S.E. 2d 211 (1974). This interpretation is reasonable because the statute does not specifically provide that manufacture, sale, delivery, posses-

sion with intent to manufacture, sell or deliver are one crime, it merely says it is unlawful to do any of the enumerated acts. G.S. 90-95 was amended in 1979 to include sections (h) and (i). (Session Laws 1979, 2d sess. c. 1251, ss. 4-7, effective 1 July 1981.) Section (h) reads as follows:

> Notwithstanding any other provision of law, the following provisions apply except as otherwise provided in this Article. (1) Any person who sells, manufactures, delivers, transports, or possesses in excess of 50 pounds (avoirdupois) of marijuana *shall be guilty of a felony* which felony shall be known as *"trafficking in marijuana"*. . . . (Emphasis added.)

This statute was recently interpreted in *State v. Anderson*, 57 N.C. App. 602, 292 S.E. 2d 163, *review denied*, 306 N.C. 559, 294 S.E. 2d 372 (1982). The *Anderson* panel held that trafficking in marijuana refers to:

> [A] crime consisting of any one or more of the denounced acts, any one of which is a separate crime. . . . [I]f a person engages in conduct which constitutes possession of in excess of 50 pounds of marijuana, as well as conduct which constitutes manufacture of in excess of 50 pounds of marijuana, then the person may be charged with and convicted of two separate felonies of trafficking in marijuana.

*State v. Anderson*, 57 N.C. App. at 606, 292 S.E. 2d at 166. In other words, *Anderson* interpreted G.S. 90-95(h)(1) as we have interpreted G.S. 90-95(a)(1): each of the enumerated offenses are separate offenses.

Although the doctrine of *stare decisis* leads us to follow the *Anderson* decision, for the following reasons we would reach a different result if we were addressing this question for the first time. In seeking to discover the legislative intent for interpretation of a statute, the court should consider the language of the statute, the spirit of the act, and what the act seeks to accomplish. *Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E. 2d 281 (1972). It is an accepted rule of statutory construction that words of a statute will ordinarily be given their natural, approved, and recognized meaning. *Victory Cab Co. v. City of Charlotte*, 234 N.C. 572, 68 S.E. 2d 433 (1951). The words "shall be guilty of *a felony* which felony shall be known as 'trafficking in

marijuana' " seems to mean if a person does the forbidden act(s), he shall be guilty of one felony: trafficking in marijuana. Otherwise, the statute should read: "Any person who sells, manufactures, delivers, transports, or possesses in excess of 50 pounds shall be guilty of trafficking in marijuana." If the legislature intended G.S. 90-95(h)(1) to be interpreted in the same way as G.S. 90-95(a), they could easily have followed the language of G.S. 90-95(a): "It is unlawful for any person to sell, manufacture, deliver, transport or possess a controlled substance in excess of 50 pounds." Or, they could have simply increased the penalties provided in G.S. 90-95(b) for violations with large quantities of marijuana, and not included section (h) at all. Since they chose language which indicates that the offenses constitute one felony, logically the statute seems to refer to only one felony. Any other result implies the words "shall be guilty of a felony which felony shall be known as 'trafficking in marijuana' " are mere surplusage. We believe the legislative intent was to create one felony. In *Anderson* the Court said: "We find the words 'guilty of a felony . . . known as "trafficking in marijuana" ' relates primarily to the preceding words '50 pounds (avoirdupois) of marijuana.' " Of course, the felony cannot be "50 pounds of marijuana," rather, the felony is the sale, manufacture, delivery, transport, or possession of the fifty pounds of marijuana. The *Anderson* panel continued: "and the use of the word felony in singular form refers to the singular crime known as 'trafficking in marijuana,' a crime consisting of any one or more of the denounced acts. . . ." We agree with this statement that the singular crime of trafficking consists of one or more of the acts enumerated in the statute. We question however the *Anderson* panel's conclusion: "any one of which is a separate crime." If trafficking is a *singular crime* which may consist of any one or more of the denounced acts, we have difficulty seeing how each denounced act can be a separate crime. We have already examined the language of the statute and stated our opinion that the intent was to create one felony, which may consist of one or more of the enumerated acts. The spirit of the act, and what the act seeks to accomplish seem to be clear: its intent is to deter drug dealers. The offense of trafficking is limited to fifty pounds or more, with increasing penalties for larger amounts. G.S. 90-95(h)(1)(a), (b), (c), and (d). A person who has fifty pounds of marijuana is probably a dealer. It is unlikely that such a large quantity would be for personal use. Moreover, the statute would

be redundant if it did not refer to only one felony because a dealer who sold fifty pounds of marijuana would probably commit all the enumerated offenses. Prior to sale, however, the dealer would possess, manufacture, and probably transport the marijuana, but if the purpose of the act is to punish dealers, it would make sense for the punishment to be the same whether the dealer was caught before or after he made a sale. As previously stated, however, we will follow the decision in *Anderson*.

The convictions for possession with intent to sell and manufacturing are vacated and defendants' motions to arrest judgment in those cases are granted. The judgments as to the remaining convictions are affirmed.

Affirmed in part, reversed in part.

Judges WEBB and WELLS concur.