STATE OF NORTH CAROLINA v. REGINALD LEE FAISON

No. COA97-1009

(Filed 3 March 1998)

**Evidence and Witnesses § 3030 (NCI4th)— possession of firearm by felon—name and nature of previous offense— probative value not outweighed by prejudice**

The trial court did not err in a prosecution for possession of a firearm by a felon by admitting evidence of previous convictions for assault with a deadly weapon and voluntary manslaughter. Although the official commentary to N.C.G.S. § 8C-1, Rule 403 states that the federal rule is identical to North Carolina's, North Carolina is not bound by *Old Chief v. United States*, 136 L. Ed. 2d, which held that the government's evidence of a prior conviction should have been excluded because petitioner's requested stipulation would have been equal in probative value without the same danger of unfair prejudice. Moreover, defendant did not offer to stipulate that he had a prior felony conviction and did not argue that his stipulation would render evidence of the name and nature of the prior offense inadmissible pursuant to Rule 403. The State in this case had no alternative to introducing evidence of defendant's prior convictions.

Appeal by defendant from judgment entered 6 March 1997 by Judge James D. Llewellyn in Sampson County Superior Court. Heard in the Court of Appeals 24 February 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Claud R. Whitener, III, for the State.*

*Johnson & Parsons, P.A., by David H. Hobson, for defendant appellant.*

GREENE, Judge.

Reginald Lee Faison (Defendant) appeals his conviction for possession of a firearm by a felon.

Defendant was charged with possession of a firearm by a felon, *see* N.C.G.S. § 14-415.1 (Supp. 1996), and communicating threats, *see* N.C.G.S. § 14-277.1 (1993). At trial, Latoya Bennett testified that Defendant had threatened her while holding a firearm in his lap. The State presented evidence showing that Defendant had previous con-

victions for assault with a deadly weapon with intent to kill and voluntary manslaughter.

At the conclusion of the State's evidence, the trial court dismissed the charge of communicating threats. The jury found Defendant guilty of possession of a firearm by a felon. The trial court sentenced Defendant to a minimum of sixteen months and a maximum of twenty months in prison. Defendant appeals.

---

The issue is whether the trial court committed plain error by admitting into evidence and instructing the jury that Defendant had previous convictions for assault with a deadly weapon and voluntary manslaughter.

As a general rule, failure to object to alleged errors precludes raising those errors on appeal. N.C.R. App. P. 10(b)(1). To be entitled to relief, the defendant must show that "plain error" was committed. *State v. Walker*, 316 N.C. 33, 37-38, 340 S.E.2d 80, 82-83 (1986). Before granting relief based on the plain error rule, "the appellate court must be convinced that absent the error the jury probably would have reached a different verdict." *State v. Riddle*, 316 N.C. 152, 161, 340 S.E.2d 75, 80 (1986) (quoting *Walker*, 316 N.C. at 39, 340 S.E.2d at 83).

In this case, the State presented evidence that Defendant had been convicted of assault with a deadly weapon and voluntary manslaughter. The trial court instructed the jury that in order to find Defendant guilty of the offense charged (possession of a firearm by a felon) it would have to find beyond a reasonable doubt that Defendant had been convicted of those offenses. Defendant did not object to the introduction of the evidence or to the trial court's instructions.

Defendant contends on appeal that the evidence in question should have been excluded because, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." N.C.G.S. § 8C-1, Rule 403 (1992). In support of his contention, Defendant cites the recent decision of the United States Supreme Court in *Old Chief v. United States*, —— U.S. ——, 136 L. Ed. 2d 574 (1997) (holding that the petitioner's requested stipulation of his prior conviction would have been equal in probative value to the Government's evidence showing the prior conviction, and the stipulation would have been without the same danger of unfair prejudice inherent in the admission of the name and nature of the prior conviction; therefore the Government's evidence

of the prior conviction should have been excluded pursuant to Rule 403 of the Federal Rules of Evidence). Although the official commentary to N.C. Gen. Stat. § 8C-1, Rule 403 states that the federal rule is identical to our rule, we nevertheless are not bound by the United States Supreme Court's holding in *Old Chief. See State v. Lamb*, 84 N.C. App. 569, 580, 353 S.E.2d 857, 863 (1987) (stating that a nonconstitutional decision of the United States Supreme Court cannot bind or restrict how courts in this State interpret and apply North Carolina evidence law), *aff'd*, 321 N.C. 633, 365 S.E.2d 600 (1988).

Even if we determine that the decision in *Old Chief* is instructive and apply its holding to the present case, Defendant's argument is without merit. Defendant, unlike the petitioner in *Old Chief*, did *not* offer to stipulate that he had a prior felony conviction, nor did Defendant argue that his stipulation would render evidence of the name and nature of the prior offense inadmissible pursuant to Rule 403 of the North Carolina Rules of Evidence. The State in this case, unlike the Government in *Old Chief*, had no alternative but to introduce evidence of Defendant's prior convictions in order to meet its burden of showing an element of the crime charged. Absent an offer of a stipulation or admission to the prior convictions by Defendant, the reasoning of *Old Chief* does not apply. Defendant has failed to show that the probative value of the evidence of his prior convictions was substantially outweighed by the danger of unfair prejudice. The trial court did not commit error, plain or otherwise, by the admission of the evidence or by its instructions to the jury.

No error.

Judges MARTIN, Mark D. and SMITH concur.