BRYANT, Judge.
 

 Jeffrey Scott Mincey (defendant) appeals a judgment dated 20 February 2003 entered consistent with a jury verdict finding him guilty of possession of a firearm by a felon, misdemeanor intoxicated and disruptive behavior, and misdemeanor resisting, delaying or obstructing a public officer. Defendant was sentenced to 14 to 17 months imprisonment.
 

 On 9 October 2002, defendant's girlfriend (Buchanan), drove with her daughter, defendant, and defendant's sister (Stroup) from Gastonia to Lincolnton. Stroup was trying to sell her gun because she needed money to get her two sons out of jail and had asked Buchanan to give her a ride to a potential buyer in Lincolnton. After learning that the potential buyer was unable to purchase thegun that day, Stroup asked Buchanan to drive her to the Gastonia County jail to see her sons. Buchanan drove to Gastonia with Stroup in the front seat together with Buchanan's daughter and defendant in the backseat. When Stroup got into the vehicle, she placed the gun next to her; defendant had been drinking; and there was also a twelve-pack of beer on the floor of the vehicle.
 

 Upon their arrival at the jail, Buchanan parked the vehicle and Stroup went inside. Buchanan's daughter changed to the front passenger seat. During this period, Officer Shane Johnson (Officer Johnson), a patrolman with the Gastonia Police Department, entered the parking lot. On hearing a male yell "bitch" from the direction of Buchanan's vehicle, Officer Johnson approached the vehicle where he observed defendant in the backseat, behind the front passenger's seat, leaning forward with his arm repeatedly reaching forward between the seat and the door. When Officer Johnson asked defendant to get out of the vehicle, he observed a .357 handgun between the passenger's seat and the door.
 

 Officer Johnson thereafter took defendant to the magistrate's office and charged him with several offenses, including possession of a firearm by a felon. While there, defendant spontaneously stated, "I told them to hide that thing." Defendant's remark was not in response to any question. At the time of the statement, defendant was aware that he had been charged with possession of a firearm by a felon.
 

 Defendant raises two issues on appeal, which are whether thetrial court: (I) committed plain error by permitting defendant to stipulate to a prior conviction without providing a limiting jury instruction; and (II) erred in denying defendant's motion to dismiss for insufficiency of evidence regarding constructive possession of a firearm.
 

 I
 

 Defendant argues the trial court committed plain error by permitting defendant to stipulate to a prior conviction without providing a limiting jury instruction.
 

 As a general rule, failure to object to alleged errors precludes raising those errors on appeal. N.C.R. App. P. 10(b)(1). To be entitled to relief, a defendant must show that plain error was committed.
 
 State v. Faison,
 

 128 N.C. App. 745
 
 ,
 
 497 S.E.2d 111
 
 (1998). Before granting relief based on plain error, the appellate court must be convinced that absent the error the jury probably would have reached a different verdict.
 

 Id.
 

 "The plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said that the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done."
 
 State v. Odom,
 

 307 N.C. 655
 
 , 660,
 
 300 S.E.2d 375
 
 , 378 (1983) (internal quotations omitted) (citations omitted). A defendant alleging plain error has a much heavier burden than that imposed upon a defendant who has preserved his rights by timely objection pursuant to N.C. Gen. Stat. § 15A-1443.
 
 State v. Walker,
 

 316 N.C. 33
 
 , 39,
 
 340 S.E.2d 80
 
 ,83 (1986). To show plain error and meet his burden, the defendant must establish that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. §15A-1443(a) (2003).
 

 In the instant case, defendant entered into a stipulation as to his prior felony of breaking and entering. At the charge conference, defense counsel entered into the following colloquy:
 

 [DEFENSE]: I don't know if there is anything . . . in terms of deciding his guilt or innocence, not letting that prior conviction decide that. Of course it is an element of the crime . . . it has to be proven but other than for those limited purposes.
 

 COURT: I don't know of a pattern instruction that would fit into what you are requesting . . . nor do I feel it would be appropriate. So unless you have something that you want to submit for me to consider, I will decline to make such an instruction. Anything else?
 

 [DEFENSE]: "No, Your Honor."
 

 After the trial court charged the jury, the court asked counsel whether there were any specific requests for corrections or additions to the charge. Defense counsel replied, "There will be nothing from the defense, Your Honor." The jury instruction in pertinent part included the following language:
 

 [T]he State and the defendant have agreed that certain facts shall be accepted by you as true without further proof. The agreed facts in this case are that the defendant hadpreviously been convicted of breaking and entering in Lincoln County on September 9th of 1998. Since the parties have so agreed, you are to take these facts as true for the purpose of this case. Now the second element is that thereafter the defendant possessed a handgun. So the first element is that the defendant was convicted of a felony. The second element, that thereafter the defendant possessed a handgun.
 

 During deliberations, the jury requested a written instruction regarding possession of a firearm by a felon, which the trial court provided, including defendant's stipulation to felony breaking and entering. The trial court asked both parties whether there were any objections to the jury's request. Defense counsel stated, "No, Your [H]onor."
 

 Defendant now argues on appeal that the trial court's failure to provide a limiting instruction on defendant's stipulation was plain error. Defendant neither objected to the trial court's instruction nor specifically requested a limiting instruction, despite an invitation by the trial court to do so. However, unless a defendant expressly requests a limiting instruction as to his prior conviction, the trial court is not required to provide one.
 
 State v. Gardner,
 

 68 N.C. App. 515
 
 , 521-22,
 
 316 S.E.2d 131
 
 , 134 (1984),
 
 aff'd,
 

 315 N.C. 444
 
 ,
 
 340 S.E.2d 701
 
 (1986).
 

 Here, defendant stipulated to his prior felony conviction. Absent defendant's stipulation, the State would have been required to prove the prior felony conviction as an element of the crime charged. Defendant however fails to show any error by the trial court. Moreover, even assuming
 
 arguendo
 
 the trial court erred in failing to give a limiting instruction, defendant cannot showprejudice: that is, a reasonable probability a different outcome would have been reached absent the alleged error. Defendant's assignment of error is overruled.
 

 II
 

 Defendant next argues the trial court erred in denying defendant's motion to dismiss for insufficiency of the evidence to establish constructive possession of a firearm.
 

 When ruling on a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State, giving the State every reasonable inference to be drawn therefrom.
 
 State v. Cockerham,
 

 155 N.C. App. 729
 
 ,
 
 574 S.E.2d 694
 
 (2003). The trial court must deny the motion if the State has offered substantial evidence to prove each essential element of the crime charged.
 

 Id.
 

 at 733
 
 ,
 
 574 S.E.2d at 698
 
 . "Substantial evidence is such relevant evidence as a reasonable mind would find adequate to support a conclusion."
 
 State v. Franklin,
 

 327 N.C. 162
 
 , 171,
 
 393 S.E.2d 781
 
 , 787 (1990).
 

 Possession of a firearm by a felon has the following essential elements: one who
 

 (1) has previously been convicted of . . . a felony in North Carolina, . . . , and
 

 (2) purchases, owns, possesses, or has in his or her custody, care, or control outside his or her own home or place of business [and has]
 

 (3) any handgun, any weapon of mass death and destruction, or any other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches.
 

 Robert L. Farb,
 
 N.C. Crimes,
 
 at 402 (5th ed. 2001) (citing 1 N.C.P.I.-Crim. 254A.11 (2000));
 
 see also
 
 N.C.G.S. § 14-415.1(a)(2003).
 

 Possession of a firearm may be actual or constructive.
 
 State v. Boyd,
 

 154 N.C. App. 302
 
 , 307,
 
 572 S.E.2d 192
 
 , 196 (2002). "A person has constructive possession of an item when the item is not in his physical custody, but nonetheless [he] has the power and intent to control its disposition."
 

 Id.
 

 (citations omitted). When one does not have exclusive control of the location where an item is found, constructive possession may not be inferred without any other incriminating circumstances.
 
 State v. Clark,
 

 159 N.C. App. 520
 
 , 525,
 
 583 S.E.2d 680
 
 , 683 (2003);
 
 see also State v. Alston,
 

 131 N.C. App. 514
 
 , 519,
 
 508 S.E.2d 315
 
 , 319 (1988) (evidence held to be
 
 insufficient
 
 where gun found lying on the console between the driver and the defendant as both had equal access to the gun purchased by the car owner).
 

 However, in
 
 Boyd, supra,
 
 where the defendant had been charged with possession of a firearm by a felon, our Court found the following evidence sufficient to show that the defendant, a felon, constructively possessed a firearm where: the gun was found under the front passenger seat of a car in which the defendant was sitting; the only other person in the car was the driver; the driver and the defendant did not have equal access to the gun; officers saw the defendant reaching under the seat; the driver did not own the gun; and the gun had been seen at the home of the defendant's mother.
 

 In the instant case, while defendant neither owned the handgun nor the vehicle in which the handgun was found, the evidenceclearly showed defendant had knowledge of the handgun located between the front passenger seat and the door of the vehicle, and that defendant repeatedly reached from the back seat toward the area where the handgun was found. Also, at the time of defendant's arrest, he stated, "I told them to hide that thing." Viewed in the light most favorable to the State, this evidence is sufficient to establish a reasonable inference that defendant constructively possessed the handgun.
 

 The trial court therefore did not err in denying defendant's motion to dismiss.
 

 No error.
 

 Judges ELMORE and GEER concur.
 

 Report per Rule 30(e).