STATE OF NORTH CAROLINA v. HARRY S. BROWN

No. 733SC758

(Filed 28 November 1973)

1. Narcotics § 3— distribution of codeine — access of defendant to drug — relevancy of evidence

   In a prosecution for distribution of tablets containing the controlled substance codeine, the trial court did not err in allowing the solicitor to cross-examine defendant as to what his employer, a pharmaceutical company, manufactured, since such information was relevant to show defendant's access to the drug he was charged with unlawfully distributing.

2. Narcotics § 1— distribution of codeine — possession of codeine not lesser included offense

   Since possession of a controlled substance and distribution of the same controlled substance are separate and distinct crimes, and each may be punished as provided by law, unlawful possession cannot be considered a lesser included offense of the crime of unlawful distribution; therefore, the trial court in a prosecution for distribution of codeine did not err in failing to submit to the jury the question of defendant's guilt of the offense of simple possession of codeine.

3. Criminal Law § 161— assignments of error abandoned

   Assignments of error not argued in defendant's brief are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals.

APPEAL by defendant from *Tillery, Judge,* 18 June 1973 Session of Superior Court held in PITT County.

Defendant was tried upon an indictment, proper in form, charging that on 16 January 1973 he feloniously distributed 31 tablets containing a controlled substance, codeine, to SBI Agent Riggsbee. Defendant pled not guilty, was found guilty as charged, and from judgment imposing prison sentence of not less than three nor more than five years, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Rafford E. Jones for the State.*

*Ernest C. Richardson III, for defendant appellant.*

PARKER, Judge.

[1] On cross-examination of defendant by the solicitor the following occurred:

Question: "On January 16, 1973, where were you employed?"

Answer: "I was employed at Burroughs Wellcome."

Question: "A pharmaceutical plant?"

Answer: "Yes sir."

Question: "What do they manufacture?"

"OBJECTION OVERRULED"

Answer: "They manufacture medicine."

Appellant assigns error to the overruling of his objection to the solicitor's question as to what defendant's employer manufactured. This assignment of error is without merit. The question was well within the range of permissible cross-examination within the rule prevailing in this State. 1 Stansbury, N. C. Evidence, Brandis Revision, § 35. Defendant's counsel interposed no objection or motion to strike when, during the further cross-examination of defendant by the solicitor, the defendant testified that he had "heard that they manufacture codeine." The information elicited was relevant to show defendant's access to the drug he was charged with unlawfully distributing.

[2]  Appellant assigns error to the trial court's failure to submit to the jury the question of defendant's guilt or innocence of the offense of simple possession of codeine, contending that such offense is a lesser included offense of the offense charged in the bill of indictment. Our Supreme Court has held, however, that possession of a controlled substance and distribution of the same controlled substance are separate and distinct crimes, and each may be punished as provided by law, even where the possession and distribution in point of time were the same. *State v. Thornton*, 283 N.C. 513, 196 S.E. 2d 701; *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481. Under the holding of these cases unlawful possession cannot be considered a lesser included offense of the crime of unlawful distribution.

[3]  Upon oral argument in this Court appellant's counsel abandoned the only remaining assignment of error which was brought forward in appellant's brief. No reason or argument has been stated and no authority cited in appellant's brief in support of other assignments of error appearing in the record, and these will also be taken as abandoned. Rule 28, Rules of Practice in

the Court of Appeals. We have, nevertheless, carefully reviewed the entire record and in the trial and judgment appealed from find

No error.

Chief Judge BROCK and Judge CAMPBELL concur.