STATE OF NORTH CAROLINA v. SAMUEL FRANCIS AIKENS

No. 7410SC498

(Filed 3 July 1974)

Narcotics §§ 1, 4.5— possession of heroin with intent to distribute — simple possession issue proper

    Since it is impossible to possess a controlled substance with intent to distribute without having first possessed it, either actually upon the person or constructively, the trial court in a prosecution for possession of heroin with intent to deliver did not err in instructing the jury that they could find defendant guilty of possession with intent to distribute, guilty of simple possession, or not guilty.

APPEAL from Long, Judge, 4 March 1974 Session of WAKE County Superior Court. Argued in the Court of Appeals 28 May 1974.

Defendant was indicted for the possession of heroin with the intent to deliver. The court instructed the jury that they could find defendant guilty of possession with intent to distribute, guilty of simple possession or not guilty. The jury re-

State v. Aikens

turned a verdict of guilty of possession of heroin, and defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Jones, for the State.*

*William A. Smith, Jr., for defendant appellant.*

MORRIS, Judge.

Defendant presents multiple assignments of error on this appeal. However, we discuss only that assignment of error which we feel merits discussion, the others having been considered and overruled.

Defendant relies heavily on *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973), wherein the Supreme Court, by Justice Moore, delved extensively into the question of lesser included offenses of various sections of G.S. 90-95. *State v. Cameron, supra,* specifically holds that since illegal possession of a controlled substance is not a lesser included offense of illegal sale, there is no violation of the constitutional proscription against double jeopardy in the punishment of defendant for both crimes growing out of a single transaction. While the decision in *Cameron* is not directly apposite to the case *sub judice,* it is helpful inasmuch as it sheds light on the nature of the statutory controlled substances offenses and their relation to one another. The Supreme Court rejected defendant Cameron's contention that since possession is necessary to a sale, the possession and sale constitute a single criminal offense. The Supreme Court analogized the statutory controlled substances offenses to the liquor offenses and cited with approval the following language from *State v. Chavis,* 232 N.C. 83, 59 S.E. 2d 348 (1950):

> "Two things will help us in our thinking: we are not dealing with common law crimes but with statutory offenses; and not with a single *act* with two criminal labels but with *component transactions* violative of distinct statutory provisions denouncing them as crimes. Neither in fact nor law are they the same. *State v. Midgett,* 214 N.C. 107, 198 S.E. 613. They are not related as different degrees or major and minor parts of the same crime and the doctrine of merger does not apply. The incidental fact that possession goes with the transportation is not significant in law as defeat-

ing the legislative right to ban both or either. When the distinction between the offenses is considered in the light of their purpose, vastly different social implications are involved and the impact of the crime of greater magnitude on the attempted suppression of the liquor traffic is sufficient to preserve the legislative distinction and intent in denouncing each as a separate punishable offense." *State v. Cameron, supra,* at pp. 199-200.

*State v. Cameron, supra,* was followed by this Court in *State v. Rush,* 19 N.C. App. 109, 197 S.E. 2d 891 (1973); and *State v. Brown,* 20 N.C. App. 71, 200 S.E. 2d 666 (1973), cert. denied 284 N.C. 617 (1974). It appears that neither of those cases is apposite to the case before us. In *State v. Rush, supra,* defendant was indicted for the unlawful *distribution* of marijuana. The jury was instructed on and found defendant guilty of *possession of marijuana with intent* to distribute. This Court arrested judgment, holding under *Cameron* that distribution and possession with intent to distribute are separate offenses. In *State v. Brown, supra,* the defendant was indicted for unlawful *distribution* of codeine. This Court held that the trial court did not err in failing to instruct on possession as a lesser included offense, because under the ruling of *State v. Cameron, supra,* unlawful possession cannot be considered a lesser included offense of the crime of *unlawful* distribution. In *Cameron, supra,* at 203, the Court said "While possession may be a part of the sale, the possession may be legal and the sale illegal; therefore, they are separate and distinct offenses. Neither in fact nor law are they the same." The Court pointed out that "G.S. 90-88 prohibits the possession and the sale of narcotic drugs 'except as authorized in this article,'" *id.* at 201, and that "subsequent sections of the Narcotic Drug Act authorize certain individuals to lawfully possess narcotic drugs. However, these same persons are not always authorized to sell the drugs which they possess. Consequently, one may be guilty of the illegal sale of a narcotic drug in violation of G.S. 90-88 even though he is in possession lawfully. Illegal possession is not, then, a necessary element of the offense of unlawful sale of a narcotic drug. Certainly, a sale involves an additional fact not required for possession." *Id.*

We think the distinction between *Cameron* and the case before us too clear to permit doubt. It is impossible to *possess a controlled substance with intent to distribute* without having first *possessed* it, either actually upon the person or construc-

tively, with the possible exception of a conspiracy or aiding and abetting. Herein lies the clear distinction which makes *Cameron, Rush,* and *Brown* all inapposite to this case. We do not perceive that this logical conclusion is violative of the public policy principle enunciated in *Cameron.*

We think this situation analogous to the situation referred to by Justice Bobbitt (now C.J.) in *State v. Wells,* 259 N.C. 173, 177, 130 S.E. 2d 299 (1963), where defendant was charged with transportation and possession of "a quantity of nontaxpaid whiskey for the purpose of sale, to wit 30 gallons of nontaxpaid whiskey," etc. There the Court said:

> "Whether the transportation of the nontaxpaid whiskey was unlawful did not depend upon whether it was being transported for the purpose of sale. Moreover, only a person in the actual or constructive possession of nontaxpaid whiskey, absent conspiracy or aiding and abetting, could be guilty of the unlawful transportation thereof."

We, therefore, hold that the court properly instructed the jury.

No error.

Judges HEDRICK and BALEY concur.