State v. Reindell

STATE OF NORTH CAROLINA v. WILLIAM R. REINDELL·

No. 743SC548

(Filed 4 December 1974)

Narcotics § 4.5— possession with intent to distribute — instruction on simple
    possession — lesser included offense

> The trial court in a prosecution for possession of L.S.D. with
> intent to distribute did not err in instructing the jury that it might
> return a verdict of guilty of simple possession of L.S.D. since posses-
> sion is an offense included within the charge of possession with intent
> to distribute.

ON *certiorari* to review a trial before *Wells, Judge,* 11 Sep-
tember 1972 Session of Superior Court held in CARTERET County.
Heard in the Court of Appeals on 17 September 1974.

The defendant was tried under a bill of indictment charg-
ing him with felonious possession of a controlled substance with
intent to distribute, to wit: 299 tablets of L.S.D. The State's
evidence tended to show that, pursuant to a search of defend-
ant's home, 299 L.S.D. tablets were found on defendant's kitchen
table. The officers were aided by an informant who was visit-
ing defendant at the time of the search. Defendant testified
denying that the tablets were his and claimed that the informer
had brought the tablets into defendant's house seeking to sell
them to defendant.

*Attorney General Carson, by Associate Attorney Robert P.
Gruber, for the State.*

*Wheatly & Mason, by L. Patten Mason and Warren J.
Davis, for defendant appellant.*

MARTIN, Judge.

The trial court charged that the jury could find defendant
guilty of the crime of possession of L.S.D. with intent to dis-
tribute, guilty of possession of L.S.D. but without the intent
to distribute, or not guilty. Defendant argues that simple pos-
session of L.S.D. is a separate and distinct crime from posses-
sion of L.S.D. with intent to distribute, and, therefore, it was
error to charge on simple possession of L.S.D. In *State v.
Aikens,* 22 N.C. App. 310, 206 S.E. 2d 348 (1974), *aff'd,* 286
N.C. 202, 209 S.E. 2d 763 (1974), defendant was charged with
possession of heroin with the intent to deliver, and this Court

held that it was not error for the trial court to instruct the jury that defendant could be found guilty of possession with intent to distribute, or guilty of simple possession, or not guilty. In *Aikens, supra,* at 312, Judge Morris reasons that "[i]t is impossible to possess a controlled substance with intent to distribute without having first possessed it, either actually upon the person or constructively, with the possible exception of a conspiracy or aiding and abetting." L.S.D., like heroin, is a controlled substance under Schedule I of G.S. 90-89. Defendant's assignment of error on this point is overruled.

We have carefully considered defendant's remaining assignments of error and find them to be without merit.

No error.

Chief Judge BROCK and Judge MORRIS concur.