STATE OF NORTH CAROLINA v. DELORES MARIE PERRY

No. 7510SC146

(Filed 4 June 1975)

Criminal Law § 26; Narcotics § 5— double jeopardy — distribution and possession of drugs

    Defendant was not subjected to double jeopardy when she was convicted of distribution of heroin and cocaine and possession of the same heroin and cocaine notwithstanding defendant first made the agreement to sell the drugs and then obtained the drugs.

ON writ of *certiorari* to review proceedings before *Bailey, Judge.* Judgment entered 31 October 1973 in Superior Court, WAKE County. Heard in the Court of Appeals 16 April 1975.

Defendant entered pleas of not guilty to two indictments charging her with possession of controlled substances with intent to distribute, and to two indictments charging her with the distribution of controlled substances. The jury returned verdicts of guilty as charged to all four indictments. From judgments sentencing her to imprisonment: (1) for a term of five years for possession with intent to distribute heroin, (2) for a concurrent term of five years for possession with intent to distribute cocaine, (3) for a term of not less than two nor more than five years for distribution of cocaine, and (4) for a concurrent term of not less than two nor more than five years for distribution of heroin, defendant appealed.

State's evidence tended to show that the defendant agreed to sell to an undercover narcotics agent 15 bags of heroin for $75; that the agent paid the defendant and then took her to three addresses in the City of Raleigh in search of her contact; that while they were thus engaged, the defendant also agreed to get for the agent as much cocaine as she could for $225 which amount of money the agent paid the defendant. They could not locate defendant's contact, whom she called "Biscuit," so defendant told the agent to wait at a certain address until someone came back with the contraband and that she was going to take her children swimming. The agent did as directed, and waited in front of the house for some 30 minutes. The person did not come, so after a discussion with another officer and after waiting awhile, he went to look for defendant. He found her car parked on Bragg Street and parked behind her. He got out and went up to her car, saw there was someone with her and was introduced to "Biscuit". Defendant told the agent that she and Biscuit were going right then to get the "stuff" and directed him to wait at that location. He did and in a short while defendant returned in her car and she was alone. She parked in front of the agent with the front of her car facing the front of his car. When the agent started to get out of his car, defendant motioned for him to stay in the car and for the informant who was with the agent to come to her car. He did so and got in the car with defendant. Then he got out of the car, walked around to the driver's side, and received from defendant a yellow napkin, which the informant handed directly to the agent. Enclosed in the napkin were 15 small clear cellophane bags, containing a white powder and two larger bags containing a white powder. From the time the defendant handed the napkin to the agent's companion until his companion handed

State v. Perry

the napkin to him, the napkin never left the agent's sight. The parties stipulated that a chemical analysis would show that the packets contained heroin and cocaine, respectively.

A senior agent with the State Bureau of Investigation, to whom the agent reported, corroborated the agent's testimony.

The defendant offered no evidence.

*Attorney General Edmisten, by Associate Attorney Daniel C. Oakley, for the State.*

*Tharrington, Smith & Hargrove, by Roger W. Smith, for defendant appellant.*

MORRIS, Judge.

On appeal defendant argues that each of the prosecutions for possession with intent to distribute and distribution of heroin, and for possession with intent to distribute and distribution of cocaine exposed her to two punishments for one offense. More specifically she argues that there should have been only two charges: (1) distribution of heroin, and (2) distribution of cocaine, because the possession of these controlled substances was merged into and became an integral part of the two sales. Defendant attempts to distinguish the cases of *State v. Thornton,* 283 N.C. 513, 196 S.E. 2d 701 (1973), and *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1972); by arguing that here she made the agreement to sell the drugs and then got the drugs, whereas in *State v. Thornton* and *State v. Cameron,* the defendants had the drugs when the sale was made. We find no merit in defendant's contention.

Here the evidence shows that the defendant agreed to sell the undercover agent the drugs and that she was paid in advance. Later she obtained the drugs and returned. She parked her car in front of the agent's car and motioned for his companion to come to her car, which he did. The defendant then delivered the drugs to him and he gave the drugs directly to the agent. Obviously, the defendant had the drugs in her possession from the time she obtained them until she delivered them to the agent's companion. As we noted in *State v. Brown,* 20 N.C. App. 71, 72, 200 S.E. 2d 666, 667 (1973):

> " . . . Our Supreme Court has held, however, that possession of a controlled substance and distribution of the same controlled substance are separate and distinct crimes, and

each may be punished as provided by law, *even where the possession and distribution in point of time were the same.* State v. Thornton, 283 N.C. 513, 196 S.E. 2d 701; State v. Cameron, 283 N.C. 191, 195 S.E. 2d 481." (Emphasis supplied.)

No error.

Judges VAUGHN and CLARK concur.