Antoine ROSE a/k/a Virgil Johnson
and Maurice D. Calloway,
Appellants,

v.

UNITED STATES, Appellee.

Nos. 11–CM–137, 11–CF–522.

District of Columbia Court of Appeals.

Argued May 22, 2012.
Decided Aug. 16, 2012.

Lisa D. Chanel for appellant Virgil Johnson.

Murray Kamionski for appellant Maurice D. Calloway.

John P. Gidez, Assistant United States Attorney, with whom Ronald C. Machen Jr., United States Attorney, Roy W. McLeese III, Assistant United States Attorney at the time the brief was filed, and Elizabeth Trosman, and Adrienne C. Dedjinou, Assistant United States Attorneys, were on the brief, for appellee.

Before BLACKBURNE–RIGSBY and BECKWITH, Associate Judges, and KING, Senior Judge.

KING, Senior Judge:

Antoine Rose, a/k/a Virgil Johnson,[1] who was acquitted of distribution of phencyclidine (PCP), challenges his conviction for simple possession of PCP [2] on the ground that, because simple possession is not a lesser-included offense of distribution, the jury should not have been instructed that it could convict him of that offense. He also contends the evidence was insufficient to support the conviction. Maurice D. Calloway challenges his convictions for distribution of PCP,[3] one count of possession with intent to distribute PCP,[4] and possession of drug paraphernalia,[5] on the ground that the trial court erroneously denied his motion to suppress. We affirm all of the convictions.

## I. Factual and Procedural Summary

On the evening of July 28, 2009, at approximately 9:05 p.m., two Metropolitan Police Department (MPD) officers set up an observation post in the 3800 block of Ninth Street, Southeast. The officers set up in a wooded area across from a well-lit housing complex. Despite being in a wooded area, the officers' view was clear and unobstructed. Using binoculars, they were able to see activity in the complex's courtyard and stairway.

The officers observed a vehicle pull up, and watched as the occupants—one of whom was co-appellant Maurice D. Calloway—exited. He walked to a tree in the courtyard and placed an object in the tree's branches. Calloway then proceeded to sit and talk with a group of men on the stairs. Shortly thereafter, another car drove up, and Rose exited the rear passenger seat, approached Calloway, and showed Calloway money. Rose went back to the car and conferred with the front seat passenger, and then returned to Calloway. The two men walked to the tree,

---

1. It appears that Virgil Johnson is appellant's given name. However, because his counsel refers to him as Rose in the briefs, we will do the same in this opinion.

2. In violation of D.C.Code § 48–904.01(d) (2001). Rose was indicted for Unlawful Distribution of a Controlled Substance, in violation of D.C.Code § 48–904.01(a)(1) (2001).

3. D.C.Code § 48–904.01(a)(1).

4. D.C.Code § 48–904.01(a)(1).

5. D.C.Code § 48–1103(a) (2001).

where Calloway retrieved something and handed it to Rose, and Rose gave Calloway money.[6] Rose put a cigarette in his mouth, drew back, and lit the cigarette on his walk back to the car. Rose handed an object to the passenger, and then went to sit with Calloway and the other men on the stairs, and the car drove away. That car was stopped, and the officers recovered a cigarette reeking of PCP from one of the passengers.[7] The arrest team moved in on the courtyard, and Calloway and Rose were arrested. A vial containing a liquid later found to be PCP was recovered from the tree. Two packs of cigarettes and $194 in cash were found on Calloway's person.

Calloway was charged with and convicted of distribution of PCP, PWID, and possession of drug paraphernalia. He challenges all of his convictions on the ground that the trial court erroneously denied his motion to suppress evidence.[8] Rose was charged with but acquitted of distribution of PCP. He was convicted, however, of the lesser-included offense of possession. On appeal, Rose challenges both the instruction that possession is a lesser-included offense of distribution and the sufficiency of the evidence to convict him of possession.

## II. Discussion

### A. Possession as Lesser–Included Offense of Distribution

The record in this case is less than clear, and by all accounts incomplete. At some point during the course of the trial, not reflected in any of the transcripts, it was apparently agreed that the trial judge would instruct the jury that it could consider, with respect to Rose, the offense of simple possession as a lesser-included offense of distribution. It is unclear whether Rose requested the instruction, but there is nothing in the record indicating that the trial court questioned the giving of that instruction, or that either counsel objected to such an instruction. The record does reveal that the trial court drafted verdict forms reflecting this understanding.[9] Additionally, the court's instructions

6. A similar transaction took place not long before the incident with Rose. A man approached Calloway, who walked to the tree and removed an object, then returned to the stairs and handed the man a cigarette. The man then walked away towards Ninth Street and was arrested after throwing a cigarette containing PCP to the ground.

7. The front seat passenger was observed to have thrown the cigarette from the window; the cigarette had been lit. Three wet, PCP-laced cigarettes were found inside the car, on the front passenger seat side.

8. Calloway challenges his convictions on the ground that the trial court erroneously denied his motion to suppress because the police lacked probable cause to search or detain him, and reasonable suspicion to conduct an investigative stop. Because there was abundant evidence to support a finding of both probable cause and reasonable suspicion, we summarily affirm all of Calloway's convictions. *See generally Prince v. United States,*

825 A.2d 928, 931–33 (D.C.2003) (upholding denial of suppression motion where officers witnessed exchange of money for an object, even though police could not see exactly what was being exchanged, and the overall situation was consistent with a drug deal in the officers' experience).

9. Rose's verdict form was as follows:

1. As to the charge of distribution of phencyclidine ("pcp"), to unknown person(s) in a Nissan automobile, we, the jury find the defendant, Antoine Rose,

√ Not Guilty ____ Guilty

*Note:* **If you find the defendant guilty in Question 1, do not proceed to Question 1A. However, if you find the defendant not guilty, you are allowed to consider the lesser offense of possession of phencyclidine in Question 1A below.**

1A. As to the charge of possession of phencyclidine ("pcp"), we, the jury find the defendant, Antoine Rose,

____ Not Guilty √ Guilty

to the jury on this point were opaque at best. The court began by stating that both defendants were charged with distribution, and went on to discuss the elements of distribution. The trial judge then discussed the offense of possession with intent to distribute (PWID), and stated that "this only applies to Mr. Calloway." The judge next gave an instruction as to simple possession as a lesser-included offense of PWID. The judge then stated:

> Of course, you may find that the government has not proven beyond a reasonable doubt that either defendant [10] possessed phencyclidine at all. You should first consider whether the defendant is guilty with intent to distribute phencyclidine. If you find that the defendant guilty by possession with intent to distribute *or distribution,* do not go on to consider the less[e]r offense of possession. Only if you find the defendant not guilty of the greater offense do you go on to consider the less[e]r offense of possession of phencyclidine.

There is no indication in the record that counsel for Rose objected to the verdict form. When the trial judge presented the verdict form, Rose's counsel was silent, and such silence could be interpreted as tacit approval of the form.

10. Rose was not charged with PWID; he was only charged with distribution.

11. The government argues we should apply the doctrine of invited error and affirm. That doctrine would allow us to ignore appellant's claimed error on the jury instructions all together. *See Mozee v. United States,* 963 A.2d 151, 161 n. 6 (D.C.2009) ("Generally, the invited error doctrine precludes a party from asserting as error on appeal a course that he or she has induced the trial court to take."). We do not rely on that doctrine in resolving this case, however.

12. We have stated that:

> [t]o justify a lesser included offense instruction, there must be evidence to support a finding of guilt on the lesser offense. In

(Emphasis added.) Except as indicated in italics in the passage quoted above, no instruction was given with respect to possession as a lesser-included offense of distribution. Possession as a lesser-included offense of PWID, however, was explicitly stated by the trial judge. Rose's counsel made no objection to the instructions. In closing, Rose's counsel urged the jury, "if you are firmly convinced that [Rose] had any involvement in this case, we ask you to find him guilty of the lesser included offense of possession of PCP." [11]

### i. Standard of Review

■ "A defendant is entitled to a lesser-included offense instruction when (1) all elements of the lesser offense are included within the offense charged, and (2) there is a sufficient evidentiary basis for the lesser charge." *Brockington v. United States,* 699 A.2d 1117, 1120 (D.C.1997) (citation and internal quotation marks omitted).[12]

■ Since Rose raises the lesser-included offense issue for the first time on

general, however, it is not the judge's function to assess the quality of that evidence, which the jury may cho[o]se to credit even if the judge believes it overborne by simply overwhelming evidence of guilt. The instruction must be given when the conclusion as to lesser offense is fairly inferable from the evidence, including a reconstruction of events gained by accepting the testimony of one or more witnesses only in part. This requirement is a minimal one; it means any evidence however weak. That is to say, the weight of the evidence supporting the instruction is immaterial; as long as a jury could rationally convict on the lesser-included offense after crediting the evidence, the court must give the instruction no matter how inclined it might be to discount that evidence. At the same time, the court is not required to put the case to the jury on a basis that essentially indulges and even encourages speculations as to bizarre reconstruction.

*Brockington,* 699 A.2d at 1120 (quoting *Shuler v. United States,* 677 A.2d 1014, 1017 (D.C. 1996)).

appeal, he concedes our review can only be for plain error. He thus must show that there was: "(1) an error, (2) which is plain, meaning clear or obvious, and (3) which affects his substantial rights." *Tyson v. United States*, 30 A.3d 804, 807 (D.C.2011) (quotation marks omitted) (citing *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). If Rose meets all three prongs of this test, he must also show (4) that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted). Because we conclude that Rose has failed to establish the second prong of this test, we reject his claim with respect to the giving of the instruction of possession as a lesser-included offense of distribution.

### ii. Analysis

This court has never decided the question of whether simple possession of a controlled substance is, or is not, a lesser-included offense of distribution of a controlled substance. The only direct mention of this issue by this court can be found in Judge Terry's concurring opinion in *Minor v. United States*, where he stated that he would hold "that, as a matter of law, possession is not and can never be a lesser included offense of distribution because there is no overlap between the two offenses." 623 A.2d 1182, 1188 (D.C.1993) (Terry, J. concurring). Because the majority did not address this issue, Judge Terry's view is not the law of our jurisdiction.[13] Additionally, our standard jury in-

structions do not list possession as a lesser-included offense of distribution. We have observed, however, that "[i]t is self-evident that every distribution of an unlawful drug is immediately preceded by possession of that same drug with intent to distribute it." *(Lomel) Allen v. United States*, 580 A.2d 653, 659 (D.C.1990).

The state and federal courts that have ruled directly upon this issue are decidedly split. Some courts have held that possession is a lesser-included offense of distribution. *Anderson v. State*, 385 Md. 123, 867 A.2d 1040, 1045 (2005) ("It is not possible . . . to 'distribute' a controlled dangerous substance . . . unless the distributor has actual or constructive possession (dominion or control) of the substance. Thus, the possession of the substance distributed is *necessarily* an element of the distribution.") (emphasis added); *State v. Johnson*, 261 Neb. 1001, 627 N.W.2d 753, 760–61 (2001) ("One cannot, however, commit the greater crime of distribution without committing the lesser offense of possession of a controlled substance, notwithstanding the fact that there are several forms of illegal possession. . . . We therefore conclude that the offense of possession of a particular controlled substance is a lesser-included offense of distribution of such particular controlled substance."); *Austin v. Commonwealth*, 33 Va.App. 124, 531 S.E.2d 637, 639 (2000) ("[T]he offense of possessing a controlled substance . . . is a lesser-included offense of distribution of a controlled substance.").

---

**13.** Minor had been charged with distribution of a controlled substance on facts where he aided and abetted the distribution by a third party by acting as the "agent of the buyer." A buyer would approach Minor regarding drugs, Minor would speak to an individual who held drugs, and that person then gave the drugs to the buyer in return for money. *Minor*, 623 A.2d at 1184–85. Minor never

had actual possession, and the majority affirmed the trial court's refusal to give an instruction of simple possession as a lesser-included offense of distribution because "it would have [required the jury] to engage in the sort of 'bizarre reconstruction' of the facts which we have repeatedly disapproved." *Id.* at 1185 (citation omitted).

Other courts have held that possession cannot be considered a lesser-included offense of distribution. *See United States v. Colon*, 268 F.3d 367, 377 (6th Cir.2001) ("Although distribution may involve the actual or constructive possession of a controlled substance, 'distribution' includes other acts perpetrated in furtherance of a transfer or sale ... Thus, it is possible to commit the 'distribution' element of the crime without possessing the drugs themselves."); *United States v. Jackson*, 213 F.3d 1269, 1296–97 (10th Cir.2000) ("[I]t does not follow that simple possession is a lesser included offense of distribution ... Although it may be unusual for a person to distribute a controlled substance without at least momentarily possessing the controlled substance, it is not impossible."), *vacated on other grounds*, 531 U.S. 1033, 121 S.Ct. 621, 148 L.Ed.2d 531 (2000); *United States v. Gore*, 154 F.3d 34, 46 (2d Cir.1998) ("[G]enerally possession with intent and distribution should not be regarded as the 'same offense,' nor is possession with intent always to be deemed a lesser included offense of distribution ... except under the narrow set of facts 'where the evidence shows only that the defendant handed over a pack of drugs.' ") (internal citation and alteration omitted); *United States v. Sepulveda*, 102 F.3d 1313, 1317 (1st Cir.1996) ("It is possible—albeit unusual—to be guilty of distribution of a drug without also possessing it with intent to distribute ... While 'possession' is certainly helpful in proving distribution, it is technically not a necessary element."); *United States v. Barrientos*, 758 F.2d 1152, 1158 (7th Cir.1985) ("[P]ossession is not a necessary element of a distribution charge."); *State v. Goodroad*, 455 N.W.2d 591, 593 (S.D.1990) ("As distribution and possession of marijuana are distinct offenses, and possession is not a lesser included offense encompassed by distribution, Goodroad was properly charged and convicted on both counts."); *People v. Bloom*, 195 Colo. 246, 577 P.2d 288, 290 (1978) (en banc) ("[P]ossession of a narcotic drug is not a lesser-included offense of 'soft' sale of a narcotic drug."); *State v. Brown*, 20 N.C.App. 71, 200 S.E.2d 666, 667 (1973) ("[U]nlawful possession cannot be considered a lesser included offense of the crime of unlawful distribution.").

Lastly, some courts have simply skirted the issue, and implied that possession was a lesser-included offense of distribution by declining to give a lesser-included offense instruction where no evidence at trial would have supported such conviction, implying that if evidence at trial would have adduced possession, the jury could have been instructed of possession as a lesser-included offense of distribution. *See United States v. Kristofferson*, 990 F.2d 1263 (9th Cir.1993) ("[Appellant] did not meet his burden of demonstrating that the evidence at trial was such that the jury could rationally find him guilty of the lesser offense, yet acquit him of the greater," in order to merit a lesser-included offense instruction) (unpublished opinion); *United States v. Fayne*, 9 F.3d 1549 (7th Cir.1993) ("Therefore, Fayne never represented to the jury that he merely possessed the cocaine that he was ultimately convicted of distributing (Correia's crack cocaine); he only represented that he possessed crack cocaine that he was not charged with distributing. The jury had no basis for finding that Fayne only possessed Correia's cocaine but did not deliver it to Correia.") (unpublished opinion); *United States v. King*, 567 F.2d 785, 790–91 (8th Cir.1977) (denying lesser-included offense instruction of possession where party was charged with distribution and there was no rational basis upon which the jury could convict on possession); *United States v. Johnson*, 506 F.2d 305, 307 (7th Cir.1974) (per curiam) ("[P]resent case law indicates that such an instruction is proper only when the charged greater offense requires that the jury find a disputed factual ele-

ment which is not a requisite for conviction of the lesser included offense."); *Jackson v. State*, 213 Ga.App. 170, 444 S.E.2d 126, 127 (1994) ("[C]ontrary to appellant's contention[,] the evidence at trial does not reasonably raise the lesser included offense of distribution of cocaine.").

■ With this background in mind, we turn to the instant case to consider whether the trial judge plainly erred in instructing the jury that possession was a lesser-included offense of the crime of distribution. We begin by noting that, as far as can be gleaned from the record before us, Judge Terry's comment in *Minor* and the lesser-included offense issue raised by that comment were never presented to the trial court. Indeed, a natural, common-sense reaction to the question of whether possession is a lesser-included offense of distribution is that yes, of course possession is a lesser offense, because in order to distribute, one must first possess. As we observed in *(Lomel) Allen*, "[i]t is self-evident that every distribution of an unlawful drug is immediately preceded by possession of that same drug with intent to distribute it." 580 A.2d at 659.

However, we recognize, as have many other courts, that there are circumstances in which a substance can be distributed without the charged individual having any actual or constructive possession. Indeed, "someone who participates in a drug transaction—e.g., as a broker or armed guard—can be liable for distribution without ever possessing the drugs." *Colon*, 268 F.3d at 376 (quoting *Gore*, 154 F.3d at 45).

■ "In reviewing jury instructions, we must look at the instructions 'as a whole in assessing whether they constituted prejudicial error.'" *Mozee*, 963 A.2d at 159–60 (citing *Hunt v. United States*, 729 A.2d 322, 325 (D.C.1999)). Here, we need not decide whether there was error—the first step in the plain error analysis—for even assuming *arguendo* that the trial court

erred in providing the lesser-included offense instruction, we certainly cannot say such error was plain. On the facts before us, where the lesser-included offense issue was not raised before the trial judge who had no occasion to consider it, where the verdict form was unequivocal and not objected to, where the defense presented expert witness testimony that Rose's conduct was consistent with possession and not distribution, where the defendant asked the jury to find him guilty on the lesser offense of possession, and where there is no clear case law in our jurisdiction, on an issue where other jurisdictions are split on the matter, we cannot, on this record, say there was *plain*—that is, clear or obvious, *Tyson*, 30 A.3d at 807—error in this case. *See Mack v. United States*, 6 A.3d 1224, 1236 (D.C.2010) ("As a result, we simply cannot find any error that is 'plain,'" ending the analysis.) (citation omitted); *Wooden v. United States*, 6 A.3d 833, 843 (D.C.2010) ("[W]e can find no 'error' that is 'plain,' within the meaning of plain error review. That ends the matter."); *see also (Norman) Allen v. United States*, 495 A.2d 1145, 1152 (D.C.1985) (en banc) ("[I]nstructional errors not raised at trial will not be distrubed [sic] on appeal ... [where] counsel's failure to object can be viewed as a tactical choice.") (citations omitted); *cf. Johnson v. United States*, 840 A.2d 1277, 1280–81 (D.C.2004) ("Even assuming that the court's failure to provide the May 14 note to counsel was an error of law, the error was not 'so clearly prejudicial to substantial rights' as to jeopardize the fairness of the trial.") (citation omitted). We therefore reject Rose's claim that the trial judge committed plain error in the giving of the instruction.

**B. Sufficiency of the Evidence**

**i. Standard of Review**

■ When we review a claim of evidentiary insufficiency, we view the "evi-

dence in the light most favorable to the government, giving full play to the right of the [fact-finder] to determine credibility, weigh the evidence, and draw justifiable inferences of fact," and we "will not disturb the lower court's findings of fact, unless they are clearly erroneous." *Thomas v. District of Columbia,* 942 A.2d 645, 648–49 (D.C.2008) (internal citations omitted). We "must accept the inferences drawn by the trial court as to the facts before it, if they are supportable under any view of the evidence." *Williams v. United States,* 576 A.2d 700, 703 (D.C. 1990) (citations and internal quotation marks omitted). "When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." *Kruse v. District of Columbia,* 171 A.2d 752, 753 (D.C.1961).

### ii. Analysis

■ Rose's second claim of error is that there was insufficient evidence to convict him of possession. Rose was seen giving Calloway money, and then drawing in on a cigarette, consistent with a cigarette dipped in PCP. He was also seen lighting a cigarette as he walked back to the car, and a wet, partially-burned, PCP-laced cigarette was found on the ground outside of the front passenger side of the car when it was stopped, and three more PCP-laced cigarettes were found inside the car. On these facts, Rose's own expert testified that Rose's actions that night were consistent with possession, stating that in his opinion, "the case involving Mr. Rose is more consistent with at least personal use," but not sale, supporting a conviction for possession. Finally, where, as here, his counsel invited the jury to convict him of the lesser charge of possession at trial, we cannot say, especially considering the facts and circumstances of this case, that the evidence was insufficient. For all these reasons, we are satisfied that there was sufficient evidence upon which to convict Rose of possession of PCP.

Accordingly, it is ORDERED and ADJUDGED that the convictions of Calloway and Rose are hereby

*Affirmed.*