**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1005**

JOSE ABILIO CARCAMO,

                Petitioner,

       v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued: January 28, 2016           Decided: May 6, 2016

Before TRAXLER, Chief Judge, and AGEE and WYNN, Circuit Judges.

Petition for review denied in part and dismissed in part by unpublished opinion. Judge Wynn wrote the opinion, in which Chief Judge Traxler and Judge Agee joined.

**ARGUED:** Brian Patrick Casson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Carlton Frederick Sheffield, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Erica B. Miles, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

Jose Abilio Carcamo petitions for review of the Board of Immigration Appeals's (BIA's) decision finding that Carcamo was an "aggravated felon" under the Immigration and Nationality Act (INA) and denying his applications for relief from removal. We hold that the District of Columbia's criminal statute proscribing possession with intent to distribute a controlled substance, D.C. Code § 48-904.01(a), is a "divisible" statute under Descamps v. United States, 133 S. Ct. 2276 (2013). Applying the modified categorical approach, we find that Carcamo's conviction constitutes an aggravated felony under the INA. Because Carcamo is an aggravated felon, the BIA correctly concluded that he was removable and ineligible for cancellation of removal, asylum, and withholding of removal. Additionally, we lack jurisdiction to review the BIA's denial of Carcamo's petition for deferral of removal under the Convention Against Torture (CAT) because we may not review the BIA's factual conclusions. Accordingly, the petition for review is denied in part and dismissed in part for lack of jurisdiction.

I.

Carcamo, a citizen of El Salvador, entered the United States unlawfully in 1987, and became a lawful permanent resident in 2001. Carcamo was arrested in Washington, D.C., in 2010, and pled guilty to attempted possession with intent to

3

distribute a controlled substance, in violation of D.C. Code §§ 48-904.09 and 48-904.01(a).[1]  The Superior Court of the District of Columbia sentenced Carcamo to nine months of incarceration and three years of supervised release, but suspended the execution of the sentence.

In 2013, the United States Department of Homeland Security served Carcamo with a notice to appear, alleging that he was removable pursuant to two separate provisions of Section 237 of the INA.  First, the notice to appear charged that he was removable as an "alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance."  INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).  Second, the notice to appear charged that he was removable because he had been "convicted of an aggravated felony."  INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

---

[1]  D.C. Code § 48-904.09 states that "[a]ny person who attempts . . . to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense" that was the object of the attempt.  The attempted offense, in Carcamo's case, was D.C. Code § 48-904.01(a), which makes it "unlawful for any person knowingly or intentionally to manufacture, distribute, or possess, with intent to manufacture or distribute, a controlled substance."  D.C. Code § 48-904.01(a)(1).

At his initial removal hearing, Carcamo did not contest his removability nor seek any relief from removal. Accordingly, the immigration judge held that Carcamo was removable. Carcamo subsequently filed a motion to reconsider and a request for stay of removal, in which he asserted that he "failed to comprehend the nature of his removal proceedings due to his illiteracy and the ineffective translation by the Court's Spanish language interpreter." A.R. 360. On February 25, 2014, the immigration judge granted Carcamo's motion to reconsider and reopened his removal proceedings.

Carcamo's motion to reconsider raised new legal arguments. While he admitted that he was removable under 8 U.S.C. § 1227(a)(2)(B)(i) for violating a state controlled substance law, Carcamo contested his removability under 8 U.S.C. § 1227(a)(2)(A)(iii) as an aggravated felon. Carcamo also asserted his intention to pursue various forms of relief from removal, some of which are unavailable to those who have been convicted of an aggravated felony. Carcamo argued that his D.C. statute of conviction did not meet the definition of an aggravated felony under the INA because it was not a categorical match with any crime punishable as a felony under the Controlled Substances Act (CSA). See Moncrieffe v. Holder, 133 S. Ct. 1678, 1683–84 (2013). Carcamo subsequently filed applications for cancellation of removal for certain permanent residents,

5

asylum and withholding of removal under the INA, and deferral of removal under the CAT.

After a hearing, the immigration judge determined that Carcamo's statute of conviction, D.C. Code § 48-904.01(a), was divisible, and that Carcamo had violated the portion of the statute that constituted a felony under the CSA. The immigration judge therefore held that Carcamo had been convicted of an aggravated felony under the INA. The immigration judge went on to deny Carcamo's various requests for relief from removal.

The BIA also found that D.C. Code § 48-904.01(a) was divisible. Applying the modified categorical approach, the BIA held that Carcamo had committed an aggravated felony and affirmed the immigration judge's denial of Carcamo's applications for relief from removal.

## II.

This Court has jurisdiction to review final orders of removal against "criminal aliens" with respect to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). We review the BIA's legal determinations de novo. Martinez v. Holder, 740 F.3d 902, 909 (4th Cir. 2014). The BIA is entitled to deference for its interpretation of immigration statutes, such as the INA. Omargharib v. Holder, 775 F.3d 192, 196 (4th Cir. 2014). A precedential decision of a

6

three-member panel of the BIA receives <u>Chevron</u> deference, while a decision by a single member of the BIA—like the one in this case—is entitled to the lesser <u>Skidmore</u> deference. <u>Martinez</u>, 740 F.3d at 909–10; see <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134, 139–40 (1944). However, "where, as here, the BIA construes statutes [and state law] over which it has no particular expertise, its interpretations are not entitled to deference." <u>Omargharib</u>, 775 F.3d at 196 (alteration in original) (quoting <u>Karimi v. Holder</u>, 715 F.3d 561, 566 (4th Cir. 2013)).

Additionally, when the BIA rules on a matter within its area of expertise, we can affirm its decision "solely [on] the grounds invoked by the [BIA]" and may not substitute what we consider to be "a more adequate or proper basis" for the decision. <u>SEC v. Chenery Corp.</u>, 332 U.S. 194, 196 (1947); see <u>Crespin-Valladares v. Holder</u>, 632 F.3d 117, 123 (4th Cir. 2011). If the BIA rested its decision on improper grounds, "the proper course, <u>except in rare circumstances</u>, is to remand to the agency for additional investigation or explanation." <u>Hussain v. Gonzales</u>, 477 F.3d 153, 157 (4th Cir. 2007) (quoting <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002)).

### A.

Carcamo argues that his prior conviction under D.C. Code §§ 48-904.09 and 48-904.01(a) does not constitute an aggravated felony under the INA. We disagree.

7

Although the government has the initial burden of establishing by clear and convincing evidence that a noncitizen is deportable, the burden shifts to the noncitizen to prove eligibility for relief from removal. 8 U.S.C. § 1229a(c)(3)(A), (4)(A). Carcamo concedes his removability pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) for violating a state controlled substance law, so he carries the burden of proving that he is entitled to relief from removal. See Mondragón v. Holder, 706 F.3d 535, 545 (4th Cir. 2013); Salem v. Holder, 647 F.3d 111, 115 (4th Cir. 2011). Because Carcamo is eligible for certain forms of relief only if he is not an aggravated felon, he must "show that [his D.C.] conviction was not for an 'aggravated felony' as defined in the INA." Mondragón, 706 F.3d at 545; see also 8 C.F.R. § 1240.8(d).

1.

"When the Government alleges that a state conviction qualifies as an 'aggravated felony' under the INA, we generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA." Moncrieffe, 133 S. Ct. at 1684. The "central feature" of the categorical approach is its "focus on the elements, rather than the facts, of a crime." Descamps, 133 S. Ct. at 2285. "Because Congress predicated deportation 'on convictions, not conduct,' the [categorical] approach looks to the statutory definition of

8

the offense of conviction, not to the particulars of an alien's behavior." Mellouli v. Lynch, 135 S. Ct. 1980, 1986 (2015) (quoting Alina Das, The Immigration Penalties of Criminal Convictions: Resurrecting Categorical Analysis in Immigration Law, 86 N.Y.U. L. Rev. 1669, 1701 (2011)). Under the categorical approach, we compare the elements of the state statute of conviction with the "'generic' federal definition of a corresponding aggravated felony." Moncrieffe, 133 S. Ct. at 1684 (citation omitted). A state statute of conviction will be a categorical match with the generic federal offense if every violation of the state statute would necessarily be a violation of the generic crime. See id.

If the state statute of conviction is not a categorical match to the generic offense and the state statute is "divisible," courts may use a tool known as the "modified categorical approach" to determine if the elements of the crime that formed the basis of the noncitizen's conviction align with the generic federal offense. Descamps, 133 S. Ct. at 2283–84. A statute is divisible when it "lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" Id. at 2285 (quoting Nijhawan v. Holder, 557 U.S. 29, 41 (2009)); see Moncrieffe, 133 S. Ct. at 1684 (noting that the modified categorical approach applies when a statute "contain[s] several different crimes, each described separately"). If a

9

statute is divisible, the modified categorical approach allows courts to "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." Descamps, 133 S. Ct. at 2284. This limited class of documents includes "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms," Johnson v. United States, 559 U.S. 133, 144 (2010), as well as other "comparable judicial record[s]," Shepard v. United States, 544 U.S. 13, 26 (2005).

2.

We begin by considering whether the D.C. statute under which Carcamo was convicted is a categorical match with any aggravated felony under the INA.[2] The INA provides an enumerated list of offenses that constitute an "aggravated felony." 8 U.S.C. § 1101(a)(43). In this case, the notice to appear

---

[2] The government argues that it is unnecessary for the Court to apply the categorical or modified categorical approaches because Carcamo's previous counsel admitted that the offense involved cocaine in his initial removal hearing—prior to Carcamo filing, and the immigration judge granting, the motion to reconsider. However, the government did not raise this argument before the immigration judge or the BIA, and neither tribunal bound Carcamo to these early admissions. We too decline to hold Carcamo to the admissions made prior to the immigration judge's decision to grant the motion to reconsider. See United States v. Foreman, 369 F.3d 776, 784 n.8 (4th Cir. 2004); see also INS v. Aguirre-Aguirre, 526 U.S. 415, 432 (1999) (declining to address an argument "at this late stage" when the respondent "failed to raise it before either the BIA or the Court of Appeals").

10

alleged that Carcamo committed two of these offenses: first, "illicit trafficking in a controlled substance," id. § 1101(a)(43)(B), and second, "an attempt . . . to commit" any other enumerated offense, id. § 1101(a)(43)(U). Carcamo does not contest the fact that under both D.C. law and the INA an attempt to commit an offense is treated the same as the completion of the offense. See id.; D.C. Code § 48-904.09. Thus, the parties agree that the key question for our analysis is whether Carcamo's attempted offense, the violation of D.C. Code § 48-904.01(a) ("D.C. statute"), aligns categorically with the INA aggravated felony enumerated in 8 U.S.C. § 1101(a)(43)(B).

Under Section 1101(a)(43)(B), "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)" is an aggravated felony. Section 924(c)(2) of Title 18 further defines "drug trafficking crime" to mean, in relevant part, "any felony punishable under the [CSA]." Finally, "felony" is defined as any offense for which "the maximum term of imprisonment authorized" is "more than one year." 18 U.S.C. § 3559(a)(1)–(5). In summary, "a noncitizen's conviction of an offense that the [CSA] makes punishable by more than one year's imprisonment will be counted as an 'aggravated

11

felony' for immigration purposes." Moncrieffe, 133 S. Ct. at 1683.

The D.C. statute makes it "unlawful for any person knowingly or intentionally to manufacture, distribute, or possess, with intent to manufacture or distribute, a controlled substance" as defined by D.C. law. D.C. Code § 48-904.01(a)(1). The government argues that this statute is comparable to a violation of 21 U.S.C. § 841(a)(1), a CSA provision that makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance" as defined by federal law.

As the government concedes, it is possible for someone to violate the D.C. statute without committing a felony under 21 U.S.C. § 841(a)(1). That is because the D.C. statute criminalizes behavior that would fall into the CSA's misdemeanor exception for a drug offense that involves "a small amount of marihuana for no remuneration." 21 U.S.C. § 841(b)(4); see D.C. Code § 48-904.01(a); id. § 48-902.08(a)(6) (listing "[c]annabis" as a Schedule III controlled substance under D.C. law). Therefore, employing the categorical approach, a violation of the D.C. statute is not necessarily an aggravated felony.[3]

---

[3] The Supreme Court reached a similar conclusion in Moncrieffe, holding that a Georgia statute criminalizing

3.

Although all violations of the D.C. statute would not be punished categorically as a felony under the CSA, the government argues that the statute is divisible, and thus subject to the modified categorical approach. The term "controlled substance," as used in the D.C. statute, "means a drug, substance, or immediate precursor, as set forth in Schedules I through V." D.C. Code § 48-901.02(4). Schedules I through V contain an enumerated list of the controlled substances under D.C. law. Id. §§ 48-902.04, 48-902.06, 48-902.08, 48-902.10, 48-902.12. The government argues that the D.C. statute is divisible because each controlled substance is an alternative element that must be proven in order to convict someone under the statute. For the purposes of this case, we agree.

As explained above, a statute is divisible if it contains "multiple, alternative elements." Descamps, 133 S. Ct. at 2285. An element of the crime is not simply "a particular set of facts" through which the crime may be committed. Id. at 2291. Instead, it is a part of the crime that the jury must find "unanimously and beyond a reasonable doubt." Id. at 2290.

---

possession of marijuana with intent to distribute was not categorically a felony under the CSA because some violations of the statute would fall into the misdemeanor exception of 21 U.S.C. § 841(b)(4). 133 S. Ct. at 1686–87.

13

To determine whether the D.C. statute contains alternative elements, we first "examine the relevant statutory language and interpretations of that language by the state's highest court." United States v. Mungro, 754 F.3d 267, 269 (4th Cir. 2014). Additionally, "we consider how [D.C.] courts generally instruct juries with respect to that offense." United States v. Royal, 731 F.3d 333, 341 (4th Cir. 2013); see also Omargharib, 775 F.3d at 199.

The term "controlled substance," as used in the D.C. statute, refers to an exhaustive list of controlled substances contained in the D.C. drug schedules. D.C. Code § 48-904.01(a)(1); see id. §§ 48-901.02(4), 48-902.04, 48-902.06, 48-902.08, 48-902.10, 48-902.12. The schedules serve as a list of alternative elements, similar to the Supreme Court's illustrative example in Descamps of a divisible statute, which contained an exhaustive list of "eight specified weapons." See 133 S. Ct. at 2289-90. Therefore, the text indicates that the D.C. statute is divisible.

Here, the list of alternative elements—i.e., the list of controlled substances—is not found in the statute of conviction, but is incorporated into the D.C. statute by reference to other statutory provisions. However, this does not preclude a finding of divisibility. This Court has previously applied the modified categorical approach to a list of alternative elements found in

14

an outside statute. United States v. McLeod, 808 F.3d 972, 977 (4th Cir. 2015).[4] Additionally, several circuit courts have held that state statutes relating to controlled substances are divisible, even when the list of controlled substances is found in the state's drug schedules and not in the statute of conviction. See, e.g., United States v. Gomez-Alvarez, 781 F.3d 787, 792, 796 (5th Cir. 2015); Coronado v. Holder, 759 F.3d 977, 984–85 (9th Cir. 2014), cert. denied, 135 S. Ct. 1492 (2015); Ruiz-Giel v. Holder, 576 F. App'x 738, 743–44 (10th Cir. 2014).

The interpretations of the highest court of the District of Columbia further suggest that the identity of the controlled substance is an element of the D.C. statute. In Callaham v. United States, the D.C. Court of Appeals held that the government must "prove beyond a reasonable doubt that the substance was cocaine" in order to convict someone of violating D.C. Code § 48-904.01(a) with regard to cocaine. 937 A.2d 141, 147 (D.C. 2007). Finding that a chemist's report identifying

_____

[4] The majority of circuit courts to consider such outside references have reached the same conclusion. See, e.g., United States v. Mathis, 786 F.3d 1068, 1074–75, 1075 n.7 (8th Cir. 2015), cert. granted, 136 S. Ct. 894 (2016); United States v. Trent, 767 F.3d 1046, 1055–57 (10th Cir. 2014), cert. denied, 135 S. Ct. 1447 (2015); United States v. Herrera–Alvarez, 753 F.3d 132, 139–40 (5th Cir. 2014); United States v. Hockenberry, 730 F.3d 645, 669 (6th Cir. 2013). But see United States v. Simmons, 782 F.3d 510, 517 (9th Cir. 2015) (declining to look to an outside statute defining a term in the statute of conviction because it did not contain alternative "elements" of the crime in question).

15

the substance as cocaine was improperly admitted, and that the error was not harmless, the Callaham court reversed the defendant's conviction. Id.; see also Fields v. United States, 952 A.2d 859, 864–66 (D.C. 2008) (similarly reversing a conviction because the admission of a report identifying the substance was in error and "the government would . . . have to prove that the substance was marijuana in order to prove appellant's attempted possession").

Moreover, the D.C. Court of Appeals has stated that if a defendant is found in possession of two different types of controlled substances, "the possession of each prohibited substance [is] a separate offense." Plummer v. United States, 43 A.3d 260, 273–74 (D.C. 2012) (quoting Corbin v. United States, 481 A.2d 1301, 1302 (D.C. 1984) (per curiam)). On the other hand, "a defendant cannot be convicted of two counts of possession of a controlled substance with intent to distribute it when two quantities of the [same] controlled substance are found in the same place at the same time" because the two counts merge into a single violation of D.C. Code § 48-904.01(a). Id. at 273 (alteration in original) (quoting Allen v. United States, 580 A.2d 653, 658 (D.C. 1990)); see also Briscoe v. United States, 528 A.2d 1243, 1245–46 (D.C. 1987) (per curiam). This demonstrates that the D.C. statute encompasses different crimes based on the type of controlled substance.

16

Finally, D.C.'s model jury instruction for a violation of the D.C. statute confirms that the identity of the controlled substance is an element of the crime. The model jury instruction states that "the elements of possession with intent to distribute a controlled substance, each of which the government must prove beyond a reasonable doubt, are"—in relevant part—"[Name of defendant] possessed [a [measurable] [detectable] amount of a controlled substance] [more than one ounce of marijuana]." Criminal Jury Instructions for the District of Columbia 6.201 (5th ed. rev. 2015) (brackets in original). The instruction further provides that "[i]n order to decide whether the material was [name of controlled substance], you may consider all evidence that may help you, including exhibits, expert, and non-expert testimony." Id. (second brackets in original). These model instructions clearly indicate that the jury must find beyond a reasonable doubt which controlled substance was involved in a violation of the D.C. statute in order to sustain a conviction. See Rose v. United States, 49 A.3d 1252, 1255, 1258 (D.C. 2012) (finding no plain error in a jury instruction that stated, in an unchallenged portion, that the government was required to prove beyond a reasonable doubt that the defendants "possessed phencyclidine").

In sum, the statutory text, authoritative pronouncements of the D.C. courts, and the model jury instructions all support the conclusion that D.C. Code § 48-904.01(a) is divisible.

4.

Because the D.C. statute is divisible, the BIA correctly applied the modified categorical approach and looked to reliable court documents to determine which controlled substance was an element of Carcamo's offense. Descamps, 133 S. Ct. at 2284. The administrative record in this case contains Carcamo's judgment of conviction issued by the Superior Court of the District of Columbia. A judgment of conviction is a reliable judicial record that courts may consult in implementing the modified categorical approach. See United States v. Allen, 446 F.3d 522, 532, 532 n.14 (4th Cir. 2006).

Carcamo's judgment of conviction states that he pled guilty to attempted possession with intent to distribute "a [c]ontrolled [s]ubstance (Cocaine)." A.R. 397. Thus, we consider whether a violation of the D.C. statute involving the alternative element cocaine is a categorical match with a crime punishable as a felony under the generic federal statute. Any violation of 21 U.S.C. § 841 involving cocaine is a felony under the CSA because the maximum punishment exceeds one year of imprisonment. 21 U.S.C. §§ 812(c), 841(b)(1)(A)(ii)(II), (b)(1)(B)(ii)(II), (b)(1)(C). Therefore, the BIA correctly

18

concluded that Carcamo was convicted of an aggravated felony under the INA pursuant to the modified categorical approach.[5]

### B.

Finally, we consider whether Carcamo—as an aggravated felon—is eligible for any of his requested forms of relief from removal, including: (1) cancellation of removal for certain permanent residents pursuant to 8 U.S.C. § 1229b(a); (2) asylum pursuant to 8 U.S.C. § 1158; (3) withholding of removal pursuant to 8 U.S.C. § 1231(b)(3); and (4) deferral of removal pursuant to the implementing regulations of the CAT, 8 C.F.R. §§ 208.16(c), (d), 208.17(a).

The statutory provisions for both asylum and cancellation of removal expressly disqualify any noncitizen who has been convicted of an aggravated felony. 8 U.S.C. §§ 1158(b)(2)(A)(ii), (b)(2)(B)(i), 1229b(a)(3). Thus, the BIA correctly concluded that Carcamo is ineligible for the first two forms of relief he requests.

---

[5] We also find meritless Carcamo's alternative argument that the D.C. statute includes "social sharing" in its definition of "distribution," whereas the CSA requires some type of "commercial dealing." Petitioner's Br. at 12-13. Contrary to Carcamo's assertion, social sharing may be punishable as a felony under the CSA. See United States v. Washington, 41 F.3d 917, 919 (4th Cir. 1994) ("Sharing drugs with another constitutes 'distribution' under § 841(a)(1)" even if no sale or commercial scheme is involved.); see also 21 U.S.C. § 802(8), (11) (defining "distribute" as the "transfer of a controlled substance," with no requirement for payment).

Withholding of removal under the INA is unavailable to any noncitizen who has been convicted of "a particularly serious crime." Id. § 1231(b)(3)(B)(ii); 8 C.F.R. § 208.16(d)(2). A noncitizen who has been convicted of an aggravated felony and sentenced to a term of at least five years "shall be considered to have committed a particularly serious crime." 8 U.S.C. § 1231(b)(3)(B). If a noncitizen was convicted of an aggravated felony but sentenced to less than five years of imprisonment, "it shall be presumed" that the noncitizen "has been convicted of a particularly serious crime," although that presumption is rebuttable. 8 C.F.R. § 208.16(d)(3).

Carcamo was convicted of an aggravated felony and sentenced to less than five years of imprisonment. Therefore, he is presumed to have been convicted of a particularly serious crime. Id. Carcamo has raised no argument before the BIA or this Court to rebut this presumption.[6] Accordingly, we find no error in the BIA's determination that Carcamo is ineligible for withholding of removal.

Finally, Carcamo seeks deferral of removal under the CAT. See 8 C.F.R. §§ 208.16(c), (d), 208.17(a), 208.18(b)(1). However, because Carcamo is a "criminal alien[]" under the INA, this Court lacks jurisdiction to review the factual conclusions

---

[6] Carcamo's only argument for why he was not convicted of a particularly serious crime is that his conviction was not an aggravated felony, an argument we have rejected.

20

reached by the immigration judge or the BIA in a final order of removal. 8 U.S.C. § 1252(a)(2)(C), (D). Our jurisdiction in this case is limited to the review of "constitutional claims or questions of law." Id. § 1252(a)(2)(D).

Carcamo's only challenge to the denial of relief under the CAT is that the immigration judge and the BIA "clearly erred in finding that Mr. Carcamo did not meet his burden of proof in establishing that it is more likely than not that he would be tortured by the government or their acquiescence or willful blindness." Petitioner's Br. at 27. This factual argument is not cognizable in this Court. See Hernandez-Nolasco v. Lynch, 807 F.3d 95, 99 (4th Cir. 2015); Saintha v. Mukasey, 516 F.3d 243, 248–51 (4th Cir. 2008). Carcamo's petition for review of the denial of his request for deferral of removal under the CAT is therefore dismissed.

## III.

In conclusion, D.C. Code § 48-904.01(a) is divisible, and the modified categorical approach thus applies. Carcamo's record of conviction indicates that he was convicted of attempted possession with intent to distribute cocaine. Because any violation of the D.C. statute involving cocaine is punishable as a felony under the CSA, the BIA correctly determined that Carcamo was convicted of an aggravated felony under the INA. In light of his status as an aggravated felon,

21

we deny Carcamo's petition for review as it relates to the BIA's denial of his applications for cancellation of removal, asylum, and withholding of removal, and dismiss his petition for review for lack of jurisdiction as it pertains to deferral of removal under the CAT.

PETITION FOR REVIEW DENIED IN PART
AND DISMISSED IN PART
